EMMA NICHOLSON, Ex'x, *v.* SARAH HEIDERHOFF et al.

1. MARRIED WOMEN — CONTRACTS OF.— An obligation or promise to pay for property, bought on a credit, by a married woman, is not embraced in that class of contracts mentioned in the statute, and is not enforceable out of her separate estate. Code, 1857, art. 25. If such a liability is incurred, the wife may set up her disability as absolving her from it, which is a defense against the debt and any security which may accompany it. Whitworth v. Carter, 43 Miss. R., 72.

2. SAME — ELECTION TO RECEDE FROM CONTRACT.— Where a married woman, buys property on credit, she has her election either to recede from the bargain and claim its annulment, or allow it to stand with a right in the vendor to subject the property to the payment of the debt ; beyond that. the vendor could not go, and coerce payment out of her other property.. But she cannot retain possesssion of the legal title and plead her disability in annulment of her obligation and security for the purchase money.. Gordon v. Manning, 44 Miss. R., 756.

3. SAME — SALE TO A MARRIED WOMAN ON CREDIT.— The sale and conveyance of property to a married woman on credit is a voidable contract on her part. She may make the payments, whereby the act becomes complete and executed. If the vendor seeks relief in equity, or any security reserved or made by her, the decree will be framed so as to conform to the election she may make in her answer. If a married woman sells and.

conveys property bought on a credit, her alienee cannot defeat the liens which the vendor has taken, on the allegation that his vendee was covert. Such alienation would be taken as a conclusive waiver of the privilege of disability, and the incumbrances which were voidable as to her, become conclusive upon her vendee.

APPEAL from the Chancery Court of Hancock County. Hon. G. S. McMILLAN, Chancellor.

This is a bill to foreclose a mortgage.

The bill alleges that John Nicholson, the husband of complainant, on the 27th of January, 1869, sold and conveyed to Sarah Heiderhoff, wife of F. Heiderhoff, a lot of land in the city of Shieldsborough, for the sum of $1,200, taking therefor their joint four notes for $300 each, payable at 6, 12, 18 and 24 months from date of deed.

That to secure the payment of the said notes, the said Heiderhoff and wife executed a deed of mortgage of the same property. The condition of said deed was that if the said Sarah Heiderhoff should pay or cause to be paid said four promissory notes according to their tenor and effect, then said mortgage deed should be void, etc. The bill alleges that said Nicholson took no other security, and avers that said Nicholson had a vendor's lien. The bill alleges that said notes have not been paid, and prays that an account may be taken, and that, on final hearing, "the said Sarah Heiderhoff and Frank Heiderhoff, her husband, may be decreed to pay ———— the said principal and interest, and in default thereof, that the mortgage be foreclosed and property sold, etc.," The deed from Nicholson to Sarah Heiderhoff does not show that her husband was a party to the contract at all. See Exhibit B, folios 14, 15 and 16. The notes filed as Exhibits C, D and E are drawn in the singular number, and signed by "Sarah Heiderhoff," and by "Frank Heiderhoff, her husband."

On the same day, (January 29, 1869,) the said Sarah and F. Heiderhoff, reconvey the same property to secure payment by way of mortgage.

On February 15th, 1872, the defendants, by leave of court, filed their separate answers.

The said Sarah Heiderhoff admits the conveyance to her by Nicholson, and the execution of the notes, and the reconveyance by way of mortgage, to secure the payment of the notes, and alleges that one of the notes has been paid by her. She avers that said promissory notes are void, because she was at the time a married woman, because she had no power to buy property (real estate) on a credit, and that said notes were absolutely void ; that her husband signed said notes not as her security, but under a mistake of law, that his signing the same would make them valid and binding against her, and in her answer prays the same benefit as though she had demurred to the bill. That she is informed by her husband, and so believes the fact to be, that he had paid the three promissory notes. The answer is sworn to.

F. Heiderhoff files a separate answer, in which he admits the sale by Nicholson to his wife, the execution of the notes and the mortgage, and avers that the first note was paid and cancelled. That said sale on a credit to his wife was void, and the notes given were void in law and equity. That he signed the notes not as security, but under the mistake of law that by doing so, he made his wife's notes valid.

He alleges and avers that said mortgage deed is void —

1. Because there was no consideration for such conveyance, the notes being absolutely void.

2. Because he was not bound to pay said notes, either as principal or security.

3. Because by said mortgage deed it was provided that said Sarah Heiderhoff should pay the said notes.

4. Because he had no interest in the property conveyed.

5. Because, if the notes were valid and binding on him, the mortgage was void, because his wife could not mortgage her property to pay his debt.

For all these reasons he demurs to the bill, and prays that he

may have the same benefit as though he had demurred to the same. He then avers that said notes had all of them been paid to said Nicholson in his life-time, and that said Nicholson had acknowledged that the same were paid, and filed his account, which he prayed might be taken and deemed an offset to the claim. At the October term, 1872, of said court, the complainant had the case referred to a Master, who took and stated an account amounting to $1,170. The respondents moved the court to set aside the report —

1. Because no notice was given to them of the time and place of stating the account.

2. Because he did not allow them to prove the amount filed as a setoff.

This motion was overruled and the report confirmed. The defendant filed an affidavit that he had good reason to believe, and did believe that it was essential that his oral testimony should be taken in open court. This application was overruled, and a final decree rendered against respondents. By this decree the said notes are declared to be void in law and equity, and that the deed from John Nicholson to Sarah Heiderhoff is null and void, and the same is revoked and set aside, and the respondents are enjoined from ever setting it up as a title, etc., and that the writ of assistance issue to turn them out of possession, and that defendants pay the costs of this suit.

From this decree defendants prayed an appeal, which was granted.

The following is the assignment of errors :

The appellants now come and assign the following errors in the record, proceedings and final decree, viz.:

First. The court erred in not sustaining the demurrer of defendants made in their answers, for the reasons therein assigned.

Second. The court erred in confirming the master's report, and in overruling defendant's exceptions to it.

Third.    The court erred in not permitting the defendant, F. Heiderhoff, to give evidence in open court.

Fourth.    The court erred in rendering a final decree for complainant and for an injunction —

1. Because the allegations of the bill make no predicate for such decree.

2. Because the bill alleges that the promissory notes and mortgage are valid and legal, and prays that the defendants may be required to pay the same, or the property sold, and the decree declares notes and mortgage void.

Fifth.    Because said decree imposes the costs upon the defendants.

Sixth.    Because the decree gives the possession of the mortgaged property to complainant, and grants the writ of assistance to put the defendants out of possession, which is not prayed for in complainant's bill, and the result of the suit amounts to a judgment in ejectment by a chancery court.

For these errors the defendants pray that the case be reversed, and the complainant's bill be dismissed with costs, etc.

*Champlin & Henderson*, for appellants.

We believe it is apparent from an examination of the record, that the decree in this case ought to be reversed, and the bill dismissed.

The bill avers a sale to a *feme covert*, of land on a credit, the execution of her notes, with her husband, for the consideration, and mortgage to secure the payment of the notes.    The bill prays for an account and decree, that appellants pay the amount found due, or in default of payment, that the land be sold to satisfy the same, and the defendants' equity of redemption forever foreclosed.

In the case of Whitworth v. Carter, 43 Miss. Rep., fol. 61, which was an action at law, this court held that the note was *void as to the feme covert*, but was valid as to the sureties, and judgment was rendered against them.

In the case of Foxworth v. Bullock *et al.*, in 44 Miss. Rep., fol. 457, which was an action in chancery, this court held that " a married woman could not bind herself, by promissory note *or otherwise*, to pay for property bought upon a credit," fol. 463. That her note was *nudum pactum.* The court also says in substance that a married woman cannot buy on a credit, and retain the property, etc. That vendor would have a right to be restored to his property *in esse.* How restored?

In this case the defendants below filed their answer, alleging that the notes were void as to the wife, and that the husband signed the notes not as security, but under a mistake of law, that by doing so, it made his wife's notes valid.

It is clear that if Mrs. Heiderhoff's notes were void, then no decree could be rendered against her, and if it be conceded that her husband was bound on the notes, then no decree in chancery could be rendered against him, and no decree that his wife's property should be sold to pay his debt :

1. Because by said notes it will appear that he did not promise to pay them.

2. Because his wife's property could not be taken to pay his debt.

We think the complainants have mistaken their remedy. We admit that Mrs. Heiderhoff cannot hold this property without paying for it, but we think if complainant sought her remedy in chancery, she ought to have averred by her bill, that the sale, notes and mortgage were void, and offered to have them canceled, and to pay back the three hundred dollars which they had received, and that an account of the rents and profits should be taken, and that the defendant might set off against such rents any valuable improvements made on the property. In fact, the bill ought to have offered to put the parties in *statu quo.*

But it is doubtful whether this would have been the proper remedy. If the decree taken by complainant was at all warranted by the facts of the case, then complainants had no remedy in equity.

The decree is, that the notes given by Mrs. Heiderhoff are *null and void*, both in law and equity, and that the deed made to her by John Nicholson, being on a credit, is *null and void;* if so, the mortgage is *null and void*, and we cannot see how a suit, either at law or in equity, can be maintained upon a void contract.

The parties are bound by their bill. They cannot set forth a. mortgage and pray a foreclosure, and then take a decree that the notes, deed and mortgage are void, and take a decree for the possession of the property. This, in substance, is a judgment in ejectment in a chancery court, and that, too, without any predicate for the decree.

Again, by the decree a perpetual injunction is decreed, when there is no prayer for an injunction in the bill. An injunction is never granted, unless specially prayed for. We refer to Story Equity Pleadings, secs. 40 to 43 and 257.

*Harris & George*, for appellees :

The general principle which controls this case is settled in. Gordon v. Manning, 44 Miss., 756, that is to say, the complainant's right to relief is by that case established.

This is a mortgage, and in that case it was a vendor's lien. The treatment of the case by the court below varies from the rule suggested in Gordon v. Manning; but that is to be ascribed to the attitude which the defendants (appellants) took in the case.

The allegations of the bill are fully admitted by the answer. The husband and wife both assert, as a defense, that the husband signed the notes as he signed the mortgage, merely to express his. assent and not to convey title or to incur liability, and the form of the note and the language of the mortgage give countenance to this idea. The note is, "I promise," and the condition of mortgage is not that the husband shall pay, but that the wife shall pay.

The complainant and the court accepted the case as the defendants chose to treat it, that is, the notes and mortgage, but carried their theory of the case out to its legitimate consequences and declared the deed void.

There was no necessity for an account for the use of the property, which the defendants have enjoyed from the date of the deed, Jan'y 27, 1869, to this time, nor of the note paid, because that was *not paid by the wife*, but by the husband, as he states in his answer, and the wife does not in her answer aver payment by herself, but that the note was paid. What claim has Sarah Heiderhoff to any surplus which a sale might produce, after her explicit renunciation of her contract in court?

The defendant, F. Heiderhoff, could not be heard to establish his account against the deceased, Nicholson, hence the objection that he was not allowed to be sworn would be of no avail, even if it was his right generally to be allowed to testify. His deposition had not been taken. See Rev. Code, 209, § 1076.

If the contract of purchase was voidable, at the election of the wife, it was so only because it was on a credit, that is, *because she could not bind her estate for the purchase money.* When a payment was made, as to that, it was no longer voidable, for there no longer remained, as to that, any attempt to make her liable. In all cases, where a married woman buys property on a credit, the invalidity of the contract being based entirely on the credit feature, then when that is removed by payment, the contract is good.

The rule does not work the effect to allow the vendor, after having received a part, to invalidate the sale, take the property back and keep what he has received. He has no such right to treat the contract as void, arises on the point that the *feme covert* sets up her disability, and as a consequence of it, the law holding in his favor, that if the woman sets up her inability and refuses to pay, then he is released. And as this right never accrues till that repudiation is made, and as the result of it, it follows that when such repudiation is made, the woman has the right to take the property and the contract, just as it then exists. The wife may prevent a forfeiture of the cash payment, by submitting to a sale and claiming the surplus. But in this case nothing of that sort is done. She sets up the invalidity of the entire contract,

and the court decrees accordingly, and now she complains. No one can assign for error, the action of the court below, brought about at his own instance. The prayer of the bill is for general relief, and is ample to cover the relief granted; upon the whole, it is submitted that the decree is just, and should be affirmed.

SIMRALL, J., delivered the opinion of the court.

In the deed conveying the house and lot to Mrs. Heiderhoof, there is reserved a lien to secure the purchase money. She, with her husband, contemporaneously with the date of the conveyance to her, also mortgaged the premises to Nicholson, the complainant's intestate, to secure the debt represented by the promissory notes of her husband and herself.

The bill brought by the executrix of the vendor, sought a foreclosure of the equitable lien reserved in the grantee's deed, and also the mortgage for the payment of the last three notes of $300 each, the first one having been paid. In their answers, both Mrs. Heiderhoff and her husband allege that he signed the notes, not as surety for her, or to be bound thereby to pay the money, but under a mistake of law, that such act was necessary to give his consent to the purchase. Mrs. Heiderhoff sets up her coverture, as conclusive reason that the transaction of purchase, the notes and mortgage, are void in law and equity, and cannot be enforced against her. The husband relies upon the same defense, and in addition, sets up that he had paid the notes by work and labor done for the testator.

The bill contained the prayer for general relief, in these words: "And if in any or all this, your oratrix is mistaken in anywise, then she prays for such other and further relief as her cause may require, and as to equity and good conscience may seem meet."

Under the statutes respecting married women, and their separate estates, it has been held in repeated decisions, that the disability of coverture is as at common law, unless the married woman has a separate estate. That her power of disposition, or

to charge or bind her separate property, or to incur debts to be satisfied out of it, is defined and limited by the statutes; and that thus far, she has legal capacity, enforceable out of the estate in a court of law.  The 25th art. Laws 1857, p. 72, expressly authorizes her to "purchase property, real or personal," but the immediately ensuing clause intends that she must pay presently the money.  Whitworth v. Carter, 43 Miss., 72.  She can not obligate herself to pay for property bought upon a credit.  Foxworth v. Bullock, 44 Miss., 457.  The principle may be stated in this form. An obligation or promise to pay for property, bought on a credit, is not embraced in that class of contracts, mentioned in the statute, and is not enforceable out of her separate estate.  If such a liability is incurred, the wife may set up her disability as absolving her from it; which is a defense against the debt, and any security which may accompany it.  More is implied, when she is sued in chancery upon the express lien reserved by the vendor, or upon the mortgage to secure the notes for the purchase money — and relies upon coverture in bar of the relief — than a decree, absolving her from the debt.  It is on her part a repudiation of the whole transaction, as well the conveyance by the vendor, as her notes and mortgage.  In such a case it would be grossly inequitable to release her from the debt and mortgage, leaving the vendor embarrassed, with a deed outstanding in her favor.

The defense applies to each element of the bargain and sale, and one part should not be left operative whilst the others are cancelled, if the mortgage and notes are cancelled; the same result ought to be declared in reference to the conveyance made by the vendor.

Mrs. Heiderhoff had her election, either to recede from her bargain, and claim its annulment, or to allow it to stand with a right in the complainant to subject the property to the payment of the debt; beyond that the complainant could not go, and coerce payment out of her other property, when the mortgaged property was exhausted ; there was no right at law or equity, to

proceed against her other estate. If the property on a sale realized more than the debt, then the defendant would be entitled to the surplus. She will not be tolerated to plead her disability, in annulment of her obligations and security for the purchase money, and at the same time retain the legal title to the estate. Gordon v. Manning, 44 Miss. Rep., 756. It would hardly be controverted, that if Mrs. Heiderhoff had by plea of coverture defeated a recovery at law on the notes, that then the vendor or his heirs could have brought a suit in equity for the cancellation of the deed to her. If she asserts the same defense to the suit in equity, to apply the lien security to the satisfaction of the notes, the litigation is pending in a forum with ample powers to adjust its decree, so that complete justice may be done. There could be no obstacle in the way of declaring the conveyance to her inoperative and of no effect, as well as her notes and mortgage, unless it be a want of adaptation, and fitness in the pleadings for such a *decree*.

The general rule is that although the specific relief asked may not be granted, the complainant may have any other redress, warranted by the case made in the bill, and the principles of equity. This bill discloses that the sale and conveyance was made to a *feme covert*, and her securities taken for the purchase money. It might have been better pleading to have prayed in the alternative, for a foreclosure of the liens, if the defendant stood by her contract; but if she choose to disaffirm it, then that the conveyance to her be cancelled, and possession acquired under it be restored. But it is consistent with the case made in the bill, if Mrs. Heiderhoff elects to avoid the purchase of the property, to pronounce a decree avoiding the entire contract in all of its parts and members. The complainant makes every allegation necessary to be made, either to enforce the liens or to avoid the conveyance of her testator. It remained with Mrs. Heiderhoff, in her answer, either to let the purchase stand good and the liens operative, or to repudiate the whole matter. If the decree had stopped with the declaration of invalidity as to the notes and liens, then another suit or

suits would have been necessary to annul the conveyance to her, and be restored to possession, and yet in such a suit, not a single fact, in addition to those embraced in this record, would have been requisite to the granting of the relief.

The sale and conveyance of property to a married woman, on a credit, is a voidable contract on her part. She may make the payments, whereby the act becomes complete and executed. If the vendor seeks relief in equity, on any security reserved or made by her, the decree will be framed so as to conform to the election which she may make in her answer. Suppose she has paid two-thirds of the price, and that the property is worth two or three times as much as the balance of the debt. Manifestly her interest would be promoted by recognizing the sale and permitting the lien to stand for the unpaid balance, for if the property went to a sale, the large excess, after satisfying her debt, would go to her. If the property is of less value than the debt, she can suffer no harm by a foreclosure of the lien, for the deficit can not be charged upon, or collected out of her separate estate.

By the character of the defense made in this case, we must assume that Mrs. Heiderhoff did not consider the property worth more, if as much as the balance due upon it. She therefore preferred the annulment of the contract.

Coverture is a personal disability, to be availed of by the *feme covert.* If Mrs. Heiderhoff and her husband had sold and conveyed the house and lot to a third person, the alienee could not have defeated the lien which her vendor had taken, on the allegation that his vendor was covert. The alienation would be taken as conclusive waiver of the privilege of disability; and the incumbrances which were voidable as to her become conclusive upon her vendee.

We think substantial justice has been done by the decree, wherefore, it is affirmed.