W. H. JOHNSON et al. vs. T. N. JONES et al.

1. CHANCERY PRACTICE: *Appeals.*
   The chancery clerk cannot grant an appeal from a decree overruling a demurrer. Such an appeal must be granted by the chancellor, and during the term. If granted by the clerk, such an appeal is absolutely void.

2. MARRIED WOMEN: *Conveyances thereto. Effect thereof.*
   A vendor who has sold and conveyed land to a married woman, reserving a lien in the deed or having a vendor's lien, is entitled to have the title, vested in her by the conveyance, divested by a sale to meet the charge upon it. And the vendor, by bond for title or contract to convey, is entitled to call on the *feme covert* to fulfill the contract or disaffirm it. And if she will not fulfill, the court will rescind it and cancel the obligation of the vendor to convey, or decree the land to be sold.

3. SAME: *Difference between a conveyance to a married woman and bond for title.*
   The difference between a conveyance to a married woman, whereby title is
   vested in her, and a bond for title or contract to convey, is, that the latter
   being executory, she cannot be compelled to accept a deed under a con-
   tract, though she might enforce one under it; the former being executed
   and the title vested in her, she holds it subject to all its incidents.

4. SAME: *Purchase of lands on credit.*
   Neither under a conveyance of title to a married woman, nor a contract to
   convey, where the vendor is able to convey, is she entitled to have re-
   funded to her any cash payment she may have made. In paying cash,
   she simply exercised an unquestionable right under the statute. All
   contracts of purchase of lands on credit of a married woman are void
   as to any compulsion of performance by her, but valid as to all else.

5. SAME: *Decree for sale for unpaid purchase money. Effect thereof.*
   Where land is sold under a decree for unpaid purchase money, due by a
   married woman, she is entitled to any excess of the proceeds of the sale
   over the payment of the decree. If the land should not bring enough
   to pay the decree, she is not liable for the deficit.

APPEAL from the Chancery court of *Washington* County.

Hon. E. STAFFORD, Chancellor.

The facts sufficient for a correct understanding of the case ap-
pear in the opinion of the court.

*W. L. Nugent* and *Phelps & Skinner*, for appellants, contended:

1. That a married woman had no power to buy property on
credit; and if she did so, such contracts were not voidable merely,
but absolutely void; and she has no power to make an election
either to retain the land and pay the balance of the purchase
money, or to reconvey the land, citing and commenting on Whit-
worth *v.* Carter, 43 Miss., 73; Pollen *v.* James, 45 id., 129;
Foxworth *v.* Bullock, 44 id., 457; Gordon *v.* Manning, id., 761.
Staton *v.* New, 49 id., 309; Nicholson *v.* Heiderhoff, 50 id., 56;
Magruder *v.* Snell, MSS. Opinion.

2. That all proceedings in the cause after the first appeal was
taken were *coram non judice* and void; that the defendants had
the right to rely upon their appeal, and if there was anything
irregular in it, they should have had notice of further proceedings
before the *pro confesso* was taken.

3. That the notes were payable to the order of the makers, and by them indorsed in blank. This made them transferable by delivery; and in the hands of a *bona fide* holder for value, no defense against the first holder could be set up. 2 Parsons on Notes and Bills, 18, 19, 279, 436; Murrell *v.* Jones, 40 Miss., 565. And that it is not averred in the bill that the complainants are the holders or owners of the notes. This is essential.

*John Handy*, for appellees, contended:

1. That, under a prayer for general relief, any relief will be granted that the facts alleged and proved justified. Dease *v.* Moody, 31 Miss., 617; Dodge *v.* Evans, 43 id., 570.

2. That the contracts of a married woman by purchase of property on credit are not void *ab initio*, but merely voidable. And that she has the election to affirm or disaffirm the contract. But she cannot disaffirm the contract and still retain the legal title to the land. Gordon *v.* Manning, 44 Miss., 756; Staton *v.* New, 49 id., 309; Warren *v.* Reddy, MSS. Op.; Nicholson *v.* Heiderhoff, 50 Miss., 56.

CAMPBELL, J., delivered the opinion of the court.

In 1870, Mrs. Jones sold and conveyed to Mrs. Johnson and Mrs. Shelby, land in Washington. The deed of conveyance shows that the price of the land was $40,000, of which $26,000 were paid in cash or its equivalent, and sundry notes executed by Mrs. Johnson and Mrs. Shelby for the remainder, which were payable to their own order, and by them indorsed and delivered to Mrs. Jones. The conveyance retains an express lien in the nature of a mortgage on the lands conveyed, as a security for the payment of the notes. Mrs. Johnson was a married woman at the time of the purchase and execution of the notes. It does not appear from the bill whether Mrs. Shelby was or not. The bill avers nonpayment of the notes, and seeks to enforce the lien expressed in the deed by a sale of the land, in default of payment, and prays general relief. Mrs. Johnson and Mrs. Shelby demurred to the bill, and their demurrer was overruled on the 27th of July,

1874, and leave given to answer in thirty days. No answer was filed, and on the 27th of August, 1874, they petitioned the clerk of the chancery court, in vacation, for a writ of error, to operate as a *supersedeas*, and gave a bond, and the bond was approved and petition granted by the clerk on the day aforesaid. On the 26th of January, 1875, complainants moved to take their bill for confessed. A decree *pro confesso* was entered, and the cause proceeded to a final decree, from which this appeal is prosecuted by Mrs. Johnson. The decree orders the land sold to pay the notes.

It is urged that after the appeal or writ of error granted by the clerk to the decree overruling the demurrer, no step could rightfully be taken in the cause in the chancery court. This is true if the appeal was not void, but if it was, it had no effect, and the complainants and court had a right to disregard it. The appeal, or writ of error was void, because the clerk cannot grant one from a decree overruling a demurrer. It must be granted by the court, and during the term. This is declared in the case of Nesbit et al. *v.* Rodewald et al., 43 Miss., 304, as the rule under art. 101, p. 555 Rev. Code of 1857, and as § 1256 of the Code of 1871 is substantially the same, the same rule applies. There was, therefore, no error in this respect. There was no error in the further progress of the cause for which the final decree should be disturbed. There is nothing in the suggestion of a "discontinuance," and the averments of the bill about the notes are sufficient. The only remaining question is as to the propriety of the decree overruling the demurrer as to the special cause assigned, "that there is no sufficient equity on the face of the bill to warrant the relief sought," as to which counsel has earnestly argued the insufficiency of the bill, as being exhibited against married women, to enforce a contract by them for land bought on credit, partly. It is contended that such contracts are void, and incapable of confirmation or ratification by a married woman, and that she cannot be put to her election to affirm and fulfill, or disaffirm and rescind, but that the only way to do justice and vindicate the law is to treat such contract as absolutely void, and to annul it, restoring to the

married woman any money paid on such contract, charging her with rents and profits. The inference from this argument is, that the decree in this case is void or erroneous, because it orders the land sold to pay the balance due complainant, whereas it should have been to pay defendants the $26,000 they had paid on the land.

We have been urged by counsel to review the decision of this court bearing on this subject, and to relieve the subject from the embarrassment in which it is said the question is involved by a conflict between the cases. A careful examination of all the adjudications in this state on this subject convinces of the propriety of complying with this request, and leads to the announcement of the rules of law applicable to the purchase of land by married women, and the mutual and respective rights of parties in such cases before the courts of the country.

The question propounded by counsel is, Are the contracts of a married woman for the purchase of land on a credit void, or valid? and what are the consequences of the one or the other of these qualities? The note or other promise of a married woman to pay for land bought on credit is beyond her legal capacity, and, therefore, is null and void as an obligation to charge her separate property, held under our statutes. Her purchase on credit imposes no liability on her. But there is a wide difference between her capacity to take, and her capacity to promise and bind her estate. She has unlimited capacity to be a grantee of an estate, or the payee of a note, or obligee of a bond, or promisee of any contract. The statute confers this capacity upon her, and changes the common law in so far as it was different.

A deed conveying property to a married woman is valid and vests title in her, which she may assert. This was held as early as 1846, under the married woman's law of 1839. Harmon *v.* James and wife, 7 S. & M., 111. A bond for title or other contract to convey to a married woman is valid, and she may claim and enforce performance as any other person. If she has money and pays it for land, she acquires title by a conveyance to her. If she pays part of the price and receives a deed reserving a lien

for unpaid purchase money, she holds title subject to the lien like anybody else. If she takes a deed which does not retain a lien and pays part of the purchase money only, promising to pay a balance, while she is not bound by this promise, which is void, she holds subject to the vendor's lien, which is not founded in contract, but is the creature of equity, which will not permit the enjoyment of an estate without paying its price. The note or other obligation of a married woman for property purchased on credit, though void as a promise, will serve as evidence of the amount for which the vendor agreed to part with his title, and measure his right as against the land for unpaid purchase money. If a married woman buys land, partly with her money paid down and partly on credit, taking a deed of conveyance for it, to the extent that she pays cash, she is exercising a clear legal right in parting with her money for a conveyance to her, and is bound by her act thus legally done. The deed puts the title in her, and she holds it subject to the reserved lien or the vendor's lien for any unpaid price of the land. If a married woman contracts to purchase and takes a bond for title or other contract to convey, and gives her obligation to pay, it cannot be enforced against her, but it may be by her. If she pays part in ready money, and takes a bond for title, and gives her note for a balance, she exercises her undoubted right in parting with her money in the cash payment, for she may give away her money, if she will, and though her note for the balance is void and not enforceable against her, she may pay or tender the amount of the note, and compel specific performance by her vendor. Therefore a contract by a married woman purchasing land on credit, wholly or partly, is not absolutely void, but only at the election of the woman, and to the extent of the obligation to pay the credit price. This was decided so long ago as 1853, as to a trust deed executed by a married woman in 1846. Armstrong v. Stovall, 26 Miss., 275. In so far as the purchase money has been paid by her at the time of the purchase or afterwards, it is gone from her in payment for that for which she had the right to part with it. Wherefore, it

results that a vendor who has sold and conveyed land to a married woman, reserving a lien in the deed or having a vendor's lien, is entitled to have the title vested in her by the conveyance, divested by a sale to meet the charge upon it, according to the course of equity in enforcing liens, and the vendor by bond for title or contract to convey is entitled to call on the woman to fulfill the contract or disaffirm it, and, if she will not fulfill, the court will rescind it and cancel the obligation of the vendor to convey or decree the land to be sold as may be proper. The difference between a conveyance to a married woman, whereby title is vested in her, and a bond for title or contract to convey to her, is that the latter being executory, she cannot be compelled to accept a deed under a contract, though she might enforce one under it, but when she has accepted a deed, the contract has been executed and the title vested in her, without anything more to be done, and she holds it subject to all its incidents.

Neither under a conveyance of title to her, nor a contract to convey, where the vendor is able and willing to convey according to his obligation, is a married woman entitled to have refunded to her the cash payment she made. No principle of law or consideration of justice or policy sanctions any such right. In paying cash, she exercised an unquestionable right under the law. Having money, she could part with it as she pleased. She could give it away, and could not recover it back. Her disability, like other disabilities, is to be used as a shield and not as a sword. By it she may resist a demand, but not undo a legal and valid act she performed in paying "her money" for land. Where a deed has been made to her, and the land is sold under a decree for unpaid purchase money, she is entitled to any excess of the proceeds of the sale on payment of the decree. If the land shall not bring enough, she is not liable for the deficit. If the contract is executory, and she refuses to fulfill it, that is an abandonment of all claim under it, and she is not entitled to anything from it, unless the land be decreed to be sold and shall bring an excess over the sum due the vendor, in which case the excess would be hers.

It is said that the case of Warren v. Reddy, Opinion Book F., p. 78, holds a different doctrine, and announces the right of a married woman who has paid part of the purchase money and received a deed, to have the contract rescinded by decree, and the land charged with a lien in her favor for the purchase money she had paid, and Magruder v. Snell, in manuscript, is cited as supporting the same view. It is true that these cases so declare, but they stand alone, and are unsupported by principle or authority, and we avail ourselves of this early opportunity to dissent from and overrule them so far as they contain an announcement of the foregoing doctrine. The case of Warren v. Reddy, cited above, was correctly decided, but upon wrong application of principles. It is the case of a purchase by a married woman of land at a guardian's sale, partly for cash and partly on credit. A deed was made to her and she gave notes for the credit part of the purchase money, and when the guardian sought to enforce a lien on the land for the balance due, she exhibited her cross bill, averring that she got no title by the sale and conveyance, because of illegality in not making the sale at the court house. Her bill was demurred to, and this court very properly held she was entitled to rescission, and to charge the land with the money she had paid on it. That right accrued to her not because she was a married woman. It would have accrued to any person who had bought at that sale. The case of Magruder v. Snell,* cited above, seems to be founded in a total misapprehension of Nicholson v. Heiderhoff, 50 Miss., 56, to which it refers. Magruder v. Snell is the case of a bill by a married woman, who had received a deed and paid part of the price and given notes for the balance, and executed a deed of trust on the land bought to secure these notes, to enjoin a sale of the land by the trustee under the deed of trust, and the court held she was entitled to annul the contract, and have .the land charged with the money she had paid, and the opinion refers to Nicholson v. Heiderhoff, *supra*, as holding this doctrine.

---

* The case of Magruder v. Snell was decided by two judges, the remaining judge not participating in it.

As above stated, it was held in Armstrong *v.* Stovall, 26 Miss., 275, that property purchased by a married woman, and conveyed by her in a deed of trust to secure the purchase money, was liable to sale to pay the purchase money, and there was never a decision prior to Warren *v.* Reddy (rightly decided on wrong principle as shown above) which announced the startling proposition that a married woman is entitled to undo her legal act of paying for land with her money, and charge the land with a lien in her favor for money so paid. The suggestion in Gordon *v.* Manning, 44 Miss., 756, of the idea of rescission and charging the land, was mere response to the argument of counsel by stating that no such claim had been preferred, and could not for that reason be considered. The principles announced in this opinion pervade the several decisions prior to Warren *v.* Reddy and Magruder *v.* Snell, and are the doctrines of this court. In Nicholson *v.* Heiderhoff, 50 Miss., 56, the married woman had paid part of the purchase money, but there is no hint in the opinion of any right in her to recover back that money, and hold the land bound by it. The right of the woman vendee is to go " scot free" of all demand against her for any unfulfilled promise to pay the purchase money, but if such be her election, she surrenders all claim to any return of what she has parted with. It is matter of choice with her to pay the balance, and have the land, or stand on her defense, against being made to pay for it out of her estate. Her right is defensive purely, and not offensive. Her disability of coverture is a panoply for her protection, not a weapon for attack and harm to others with whom she has dealt. Her contract of purchase on credit is void as to any compulsion of performance by her, but valid as all else.

The decree is affirmed.