JANE HENDRICK *v.* H. W. FOOTE.

MARRIED WOMEN.  *Vendor and vendee.   Title bond.   Assignment of note.*
   The assignee of a married woman's note, for land sold by title bond,
   can compel her in equity to pay the note or surrender the land.

APPEAL from the Chancery Court of Noxubee County.

Hon. L. BRAME, Chancellor.

Thomas M. Sargent sold land to the appellant, a married woman, executed to her a bond for title, and took from her a note for the purchase-money.  He subsequently indorsed the note for value to the appellee, who, after its maturity, filed this bill against the appellant, with her husband and Sargent, asking that she be required to elect to perform or rescind her contract.  Her demurrer to the bill was overruled.

*Rives & Rives,* for the appellant.

Sargent's right against the appellant, being merely a creature of equity, was incapable of transfer; and Code 1871, § 2228, which relates only to obligations incurred by contract, does not apply.

*Foote & Foote,* for the appellee.

The indorsee of the note could maintain the bill, Code 1871, § 2228; *Kimbrough* v. *Curtis,* 50 Miss. 117; and was entitled either to the property or the payment of his claim. *Foxworth* v. *Bullock,* 44 Miss. 457; *Staton* v. *New,* 49 Miss. 307; *Nicholson* v. *Heiderhoff,* 50 Miss. 56.

CHALMERS, J., delivered the opinion of the court.

The only question presented, is whether the assignee of a note given for land, where the sale is by title bond, and the purchaser is a married woman, can by bill in equity compel the latter to pay the note or surrender the land.  We answer the question in the affirmative.  The note imposes no personal obligation on the woman, and no decree *in personam* can be obtained against her by the vendor, or any subsequent holder of the note; but she can be put to her election by either of them, as to whether she will surrender the land or pay for it. *Johnson* v. *Jones,* 51 Miss. 860.

*Decree affirmed.*