Edwards v. Stacey.

EDWARDS *et ux. v.* STACEY.

'(*Jackson.*   April Term, 1904.)

1. **MARRIED WOMEN.**  Disaffirming contract to purchase land cannot recover part of price paid.

   It is settled law in this State that a married woman electing to rely upon her disability to evade the performance of her contract to purchase land which has been conveyed to her, can not recover partial payments which she has made on the price agreed to be paid for the land.

   Case cited and approved:  Jackson v. Rutledge, 3 Lea, 626.

2. **SAME.**  Same.  Rule stated applies to executory contracts.

   The rule stated in the first headnote applies to executory contracts where a valid contract to make a conveyance is executed by the vendor, as well as to cases where a conveyance of the title has been made.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

CARUTHERS EWING, for Edwards.

A. B. PITTMAN, for Stacey.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Mrs. Edwards, a married woman, contracted with the defendant, Stacey, as agent for Mrs. Bickford, to purchase a house and lot in Memphis, Tenn., for $5,000. The contract was reduced to writing and signed by the parties. Mrs. Edwards paid the defendant $250 cash, and agreed to make notes for the remainder of the purchase money upon delivery of a conveyance of the property. Afterwards, before tender of the conveyance, she repudiated the contract, and brought this suit to recover the cash payment made.

There is some controversy whether the $250 was a part payment of the purchase money or a sum to be forfeited in the event of complainant's failure to complete her contract of purchase, but we are of the opinion that it was a payment upon the purchase price agreed to be paid for the house and lot, and must be so treated.

Complainant does not controvert that a married woman electing to rely upon her disability to avoid the performance of a contract to purchase land which has been conveyed to her cannot recover partial payments which she has made, and this seems to be well settled law. *Jackson* v. *Rutledge,* 3 Lea, 626, 31 Am. Rep., 655.

Her contention is that no conveyance of the property purchased having been made, the contract is executory, and she may repudiate it entirely, and recover the cash payment made by her.

We are unable to see any distinction in the rights of a married woman, where a conveyance of title is made, and where a valid contract to make such conveyance is executed by the vendor. Both instruments are made by the vendor, who is competent to contract; one an executed, and the other an executory, contract, and equally binding upon him. The contract of the vendee in both cases is to pay money, and her right to repudiate it is the same whether a conveyance be made or only contracted to be done. What she does in both cases is to make part payment of the purchase price agreed upon —to part with her money. The delivery of a conveyance does not obligate her any more than a valid contract to convey. The two contracts differ only in their effect upon the vendor and the property.

The disability of coverture was never intended to enable married women to do injustice or wrong. It is a weapon of defense, not of offense. It is a protection against all attempts to compel them to complete their contracts, if they consider it to their interest to decline to proceed further with them; but it does not give them the right to recover money paid under an agreement fairly made. The money of a married woman is her absolute property, aside from the rights of her husband, and she has the right to part with it in any manner she may desire, and when she does so, in the absence of fraud, her action is irrevocable.

These are the reasons given in the cases where conveyances were made in the execution of contracts of

sales of real estate to married women for refusing recoveries of part payments of purchase money, and we can see no reason why they do not apply with equal force to cases of this character.

• This is said to be the rule in the case of *Johnson* v. *Jones,* 51 Miss., 860, in an able opinion by Campbell, J., and, although this exact point was not directly there involved, it is fully considered by that distinguished judge and clearly shown that there is no reason for a distinction in cases where a conveyance is made and those where the contract is to make one at some future time.

We are of the opinion that there is no error in the decree of the chancellor, and it is affirmed, with costs.

Affirmed.