A. A. GEITGEY, *Plaintiff in Error,* v. MAUDE TRAWEEK, by CURTIS TRAWEEK, her next friend and husband, and HENRIETTA BARRS, by AMANDER W. BARRS, her next friend and husband, *Defendants in Error.*

Division A.

Opinion filed May 27, 1929.

Petition for rehearing denied June 25, 1929.

*Edgar W. Waybright* and *James Royall,* for Plaintiff in Error;

. *Baker, Baker & Rutherford* and *Martin Sack,* for Defendants in Error.

ELLIS, J.—Maude Traweek and Henrietta Barrs were married women on the 1st day of September, 1925, and agreed to purchase from A. A. Geitgey a certain tract of land in Baker County for the sum of $36,750.00, $1,000.00 of which was to be paid cash and $2,000.00 on October 1, 1925; a like sum on November 1, 1925; $1,750.00 on December 1, 1925; and $5,000.00 on January 1, 1926. Upon the making of these payments Geitgey and his wife were to execute and deliver to the two women purchasers a deed of conveyance to the land. The remainder of the purchase price, $25,000.00, was to be paid in three installments and secured by a mortgage on the land.

The purchasers obtained a written agreement under seal from Geitgey and his wife. executed in the presence of two witnesses and the execution thereof duly acknowledged before a notary public in accordance with the requirements of the statute in such cases provided.

The purchasers made the two first payments amounting to $3,000.00 and on the 20th day of May, 1926, brought

their action against Geitgey for $8,000.00 damages. The plaintiffs sued by their next friends and husbands. The declaration contained three common counts, one for money lent, one for money paid by plaintiffs to defendant at his request, and one for money received by the defendant for use of the plaintiffs. The defendant pleaded the general issue.

There was a stipulation between the parties whereby it was agreed that the facts were as stated above and the cause should be submitted to the judge of the court for final determination without the intervention of a jury. The court gave judgment for the plaintiffs in the sum of $3,323.77, which included interest on the $3,000.00 paid on the contract.

The cause was instituted and the judgment rendered upon the theory that as the purchasers of the property were married women when they agreed to buy the land their agreement was void and no action at law would lie on it for damages for a breach of it by either party; that the contract was an executory one for the purchase of land by married women, it rested on mutual promises and as it could not be enforced by Geitgey against the purchasers it lacked mutuality and money paid on it may be recovered in an action for money had and received.

The fallacy of the argument lies in the fact that the contract is not a bilateral agreement. It is a valid, binding and enforceable promise on the part of Geitgey and his wife to convey certain lands to the purchasers upon the happening of certain things to be done by them, which they had the option to do or not do as they might choose. The money they paid was theirs to do with as they pleased. They desired to purchase land and paid their money upon the purchase price and took a valid promise in writing from the vendor to convey the land to them when the remainder

of the purchase price should be paid. No question of the vendor's right to enforce the married women to pay the remainder of the purchase price enters the case. They may pay it or not as they deem advisable.

The right of married women to acquire property in this State is as complete as that of their husbands. See Sec. 5866 Comp. Gen. Laws 1927; Article XI Const. of Fla.

The money they paid on the purchase price of the property was theirs to be invested as they desired. They invested it in a written promise to convey the lands upon the completion of the payment of the price of it. There was no fraud in the transaction, no showing that the vendor failed or refused to perform the contract on his part or was unable or unwilling to do so. They cannot, by availing themselves of their privilege to decline to pay the remainder, put the vendor in the wrong and mulct him in damages upon an implied agreement to pay them money because they have decided to abandon their purpose of making complete acquisition of the land. See 13 R. C. L. p. 1281; Edwards v. Stacey, 113 Tenn. 257, 82 S. W. R. 470; Pitts v. Elsler, 87 Tex. 347, 28 S. W. R. 518; Johnson v. Jones, 51 Miss. 860; Gillespie v. Simpson (Ark.), 18 S. W. R. 1050.

The recent case of Edgar v. Bacon et al.; decided at the present term of this Court, controls the decision however in this case. It was held in that case that a married woman who paid money upon the purchase of land could not recover it from the vendor upon declining to go on with the complete acquisition of the property.

The judgment is reversed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.