### H. C. PURDOM v. JOHN H. BOYD ET AL.

No. 7079.

1. **Construction; Instruments Touching Same Subject.**—A mercantile firm styled Pope, Capps & Co., composed of G. W. Capps, N. J. Perkle, and M. C. Pope, the last two being married women, being insolvent, on October 16, 1888, executed an assignment to Purdom for the benefit of all their creditors. The husbands of the married women joined in the conveyance and it was duly acknowledged. October 23, 1888, an explanatory document was executed by the parties making evident the intent to convey the community property of the married women. In the deed of 16th October reference was made to a schedule of property, "real, personal, and mixed, partnership, separate, and community." This schedule was sworn to by the parties making it. Purdom took possession. The merchandise was seized under attachment. In suit against the sheriff for the seizure, *held*, that all these instruments should be construed together, and so taken they evidenced a transfer of the goods of the firm seized to the assignee, although in law the firm was composed of Capps and the husbands of the others named.

2. **Married Women — Business Partnership.** — In this State the wife can not become a partner in a mercantile enterprise, and if she so invests her separate property she incurs no liability as a partner, but may be a creditor to the extent so invested.

3. **Partnership by Married Women.**—The legal effect of a business carried on by a wife as partner of another is to make the husband a partner and liable as such.

4. **Conveyance of Firm Property.** — Although the husband believed the firm property to be the wife's separate property and joined her in the conveyance with such belief and with intent to validate her act as partner, still the intent to pass the property being evident their conveyance passed the property, although it was not necessary that the wife should join. Her joining did not invalidate it.

APPEAL from Johnson. Tried below before Hon. J. M. HALL. The opinion states the case.

*Bledsoe, Patten & Brown,* for appellant.—1. In determining as to whose estate and what property was conveyed to plaintiff H. C. Purdom, the instrument of date October 16, 1888, the instrument of date October 23, 1888, and the inventory which was made a part of said instruments should be taken together as the assignment, and the deed be read in the light of the facts found in all these papers. Keating v. Vaughan, 61 Texas, 522, and authorities there cited; Moody v. Paschal, 60 Texas, 483, and authorities there cited; 1 Am. and Eng. Encyc. of Law, p. 856, and note 2.

2. All the interest of each and every party whose name is mentioned in the body of a deed or conveyance, and who sign and acknowledge the same in accordance with law, will pass by said deed, unless there is an express stipulation in said deed reserving or eliminating the interest of some of the parties thereto from its operation and effect, even though any or all of the parties may be mistaken as to their legal status in reference to the property referred to and mentioned in said deed. Dooley v. Montgomery, 72 Texas, 429; Link v. Page, 72 Texas, 592; Ochoa v. Miller, 59 Texas, 460; Stephens v. Mathews, 69 Texas, 341; Hardin v. Sparks, 7 S. W. Rep., p. 771; Hough v. Hill, 47 Texas, 148; Green v. Ferguson, 62 Texas, 527; 1 Dev. on Deeds, secs. 848, 849.

3. The deed of assignment in this case being signed and acknowledged by all the persons composing the firm of Pope, Capps & Co., and their and each of their names being mentioned in the body of the conveyance, and it being expressly declared that all the property of every description of each and all of said persons was conveyed (no matter whether as matter of fact or law said firm was composed of three men, or the two women and one man), the assignment passed all individual and separate and partnership property, and was a valid assignment. Still v. Focke & Wilkins, 66 Texas, 716; Coffin v. Douglass, 61 Texas, 406; Donoho v. Fish Bros., 58 Texas, 167; Orr-Lindsay Shoe Co. v. Ferrell, 68 Texas, 638.

*Robertson & Coke*, for appellees.—1. In determining who were assignors, and whose estate and what property was conveyed to plaintiff, the instruments of October 16 and 23, 1888, should not be taken in connection with the inventory of the property called exhibit B, and the three should not be construed together as the assignment. Sayles' Civ. Stats., art. 65b; Keating v. Vaughn, 61 Texas, 522.

2. The fact that F. M. Pope and L. G. Perkle joined in said instruments of October 16 and 23, and signed and acknowledged the same, will not make them valid as their assignment if they joined in them pro forma only and for the purpose of giving effect to them as an assignment by G. W. Capps and their wives, and with no intention of making an assignment for themselves.

3. The assignment in this case is not sufficient to pass the property of the three men, Capps, Pope, and Perkle, and if it were it would not be a good assignment if the said Pope and Perkle when making it had no intention of making an assignment for themselves, but intended only to make an assignment for their wives. Cleveland v. Battle, 68 Texas, 111; Donoho v. Fish Bros., 58 Texas, 167.

*Crane & Ramsey*, for Sanger Bros., appellees.—1. The deed of assignment dated October 16, 1888, purporting to be an assignment of Pope, Capps & Co., a firm composed of C. W. Capps, N. J. Perkle, and M. C. Pope, N. J. Perkle being joined by her husband L. G. Perkle, and the said M. C. Pope being joined by her husband F. M. Pope, is an asssignment of the firm of Pope, Capps & Co. as composed of Capps and the two married women, and of no other persons, and the granting clause of said deed is limited to said firm as thus constituted. Green v. Ferguson, 62 Texas, 525; Baylor Co. v. Craig, 69 Texas, 331.

2. To ascertain the parties to a deed of assignment no exhibit nor other instrument can be looked to; the deed itself, by apt and appropriate words, must name the grantors as grantors, and not as merely formal parties thereto.

3. The instrument dated October 23, 1888, denominated supplemental assignment, not purporting to be an assignment of the firm of Pope, Capps & Co. as composed of G. W. Capps, F. M. Pope, and L. G. Perkle, but only an explanation of the intention of some of the parties to the instrument dated October 16, 1888, is not an assignment of said firm as composed of the three men, viz., Capps, Pope, and Perkle, and the court did not err in so holding. Cleveland v. Battle, 68 Texas, 111.

4. The firm of Pope, Capps & Co. being composed, in law, and being represented to Sanger Bros. as composed of three men, viz., G. W. Capps, L. G. Perkle, and F. M. Pope (upon which representation the credit was given them upon which the debt in question was made), an assignment of Capps which purported to convey his individual prop-

erty and his interest in the partnership of himself and two married women, and a subsequent assignment of the other two members of the firm, would convey at most only their individual interests in the partnership assets of the real firm of Pope, Capps & Co., subject to the debt of Sanger Bros. Baylor Co. v. Craig, 69 Texas, 331; Still v. Focke & Wilkins, 66 Texas, 722; Donaho v. Fish Bros., 58 Texas, 167.

FISHER, JUDGE, *Section B.*—November 8, 1888, appellant brought this suit against appellees Boyd and Sanger Bros. to recover $7000 damages, the value of certain goods taken from the possession of appellant by appellees under and by virtue of a writ of attachment sued out at the instance of Sanger Bros. and executed by appellant Boyd, the sheriff of Johnson County. The writ was sued out by Sanger Bros. in a case wherein they were plaintiffs, and G. W. Capps, F. M. Pope, and L. G. Perkle, as partners under the firm name of Pope, Capps & Co., were defendants. The goods in controversy were levied on by said writ as the property of the said G. W. Capps, F. M. Pope, and L. G. Perkle, and were in the possession of appellant at the time of seizure by virtue of certain deeds of assignments of date October 16 and 23, 1888, wherein the goods were transferred to appellant as assignee of the firm of Pope, Capps & Co.

As we regard the case, the proper construction of these instruments is the only question before us for adjudication. The instrument of date October 16, 1888, reads: "Know all men by these presents, that we, G. W. Capps, N. J. Perkle, and M. C. Pope, composing the firm of Pope, Capps & Co., the said N. J. Perkle being joined by her husband L. G. Perkle, and the said M. C. Pope being joined by her husband F. M. Pope in this conveyance, all being insolvent and unable to meet our indebtedness as the same matures, said indebtedness being as set forth in a schedule hereto annexed marked exhibit A and made a part hereof, and being desirous to make certain a fair and equal distribution of all of our estate, both real and personal and individual, other than that which is exempt by laws from execution, among all our creditors. * * * Now, in consideration of the premises and further consideration of the sum of $5 to us in hand paid by H. C. Purdom, we do hereby bargain, sell, convey, and assign unto H. C. Purdom * * * all of our property, estate, and effects, real, personal, partnership, and individual of every description whatever, wheresoever the same may be situated, a description and statement of which is contained in an inventory which will be hereto annexed marked exhibit B, * * * to have and to hold unto him, the said Purdom, for the purpose of being administered and distributed among all of our creditors, * * * and to apply the proceeds to the payment of all of our said debts."

This instrument is signed by M. C. Pope, G. W. Capps, N. J. Perkle, L. G. Perkle, and F. M. Pope. Its execution is acknowledged by all

of the signers before a notary public, and the separate acknowledgment of Mrs. Pope and Perkle is taken in the form of the statute. The supplemental assignment, of date October 23, 1888, reads:

"Whereas by deed of assignment of date October 16, 1888, executed by us and G. W. Capps to H. C. Purdom, assignee, we intended to convey and did convey all the community as well as separate property of said M. C. Pope and N. J. Perkle, and all other property by them owned, whether real, personal, or mixed, as well as all property, individual and separate, of the undersigned parties to said assignment; and whereas some doubt might possibly arise as to whether the community as well as separate property of said assignors was conveyed by said deed; now therefore, in order to explain and make clear our intent of conveying all our community as well as separate property by said deed of date October 16, 1888, we, M. C. Pope and her husband F. M. Pope, and N. J. Perkle and her husband L. G. Perkle, hereby declare that we did grant, bargain, sell, and convey by said deed of assignment, and do by these presents grant, bargain, sell, and convey to said H. C. Purdom, all our property, goods, chattels, and claims of every description, wherever situated, both real, personal, and mixed, and community as well as separate property." * * *

The exhibit B mentioned in the instrument of date October 16 reads: "Inventory of the property of M. C. Pope, G. W. Capps, N. J. Perkle, F. M. Pope, and L. G. Perkle, real, personal, and mixed, partnership, separate, and community. * * * We solemnly swear that the above and foregoing thirty-six pages marked exhibit B contain a full, complete, and correct inventory of all our property, real, personal, mixed, partnership, separate, and community of any description."

This is signed by all of the parties mentioned in the instruments. We have only set out so much of the several instruments as we deem necessary as showing the purposes and objects of the assignments. It appears that these instruments were executed and delivered to the assignee Purdom before the levy of the writ of attachment.

The case below was tried before the court without a jury. The court found as facts:

1. That by agreement between themselves the firm of Pope, Capps & Co. was composed of G. W. Capps and Mrs. M. C. Pope and Mrs. N. J. Perkle.

2. That in law as to creditors of the concern the firm was composed of G. W. Capps, F. M. Pope, and L. G. Perkle.

3. That believing the firm was composed of G. W. Capps, M. C. Pope (wife of F. M. Pope), and N. J. Perkle (wife of L. G. Perkle), the said G. W. Capps, M. C. Pope, and N. J. Perkle (the two last being joined by their husbands pro forma) executed the instruments herein before set out.

4. In effect that the property seized by the writ of attachment was the property of the firm of Pope, Capps & Co., and that Purdom had legally qualified as assignee, and as such was in possession of the goods at the time the writ of attachment was levied, and that the officer making the levy had notice of the possession and claims of the assignee before the writ was levied.

The court found as conclusions of law:

"That the instruments were executed by G. W. Capps and the two married women, and that the husbands simply joined in the execution pro forma for the purpose of making the deeds and acts of their respective wives effective, and as the instruments purported to convey the property of Pope, Capps & Co., composed of Capps and the married women, it did not have the effect of conveying the property of the firm of Pope, Capps & Co., composed of Capps and F. M. Pope and L. G. Perkle, husbands respectively of Mrs. Pope and Mrs. Perkle, and that Capps and F. M. Pope and L. G. Perkle did, as to Sanger Bros. and other creditors, compose the firm of Pope, Capps & Co., and so holding, the property was subject to the attachment writ."

Several recognized principles of law as settled by the decisions in this State will be useful in aiding us to properly construe the purpose and legal effect of the several instruments that create the assignment of the estate of Pope, Capps & Co.

It is proper to consider the original and supplemental assignments and the inventory and schedule B in determining the legal effect of the transfer, and for such purpose they should all be considered together. Keating v. Vaughn, 61 Texas, 522.

In this State the wife can not become a partner in a mercantile enterprise, and if she so invests her separate property she incurs no liability as a partner, and is entitled to the extent of the investment so made to the protection accorded a creditor of the concern. Miller v. Marx & Kempner, 65 Texas, 132; Smith v. Bailey, 66 Texas, 555; Middlebrook v. Zapp, 73 Texas, 31.

It is not shown by the evidence that the separate property of the wife went into these goods. The presumption is that the goods are of the community estate of the husband and wife. This presumption can only be overcome by proof tracing separate ownership in the wife. The property so situated is impressed with the community title of husband and wife (73 Texas, 31), subject to a complete disposition by the husband without the consent of the wife. The property being invested in the partnership enterprise, the husband who reaps the profits and benefits of the investment must incur the consequent liabilities of a partner as to the creditors of the concern, although there is no intent or purpose to do so. Miller v. Marx & Kempner, 65 Texas, 132. The husband may in good faith act upon the belief that his wife is bound as a member of the firm, and that no corresponding liability rests upon

him.   Still, this will not affect the liability of the husband to creditors of the concern and the status of the property as fixed by law.   In order to convey a perfect title to the property of Pope, Capps & Co. it was not necessary that the wives of the members of the firm should join in the conveyance.   The attempted disposition by the wife would add no force to the conveyance, the power of disposition being alone in the husband.   Whatever may be said of the language used in expressing the meaning and intention of the parties to the deeds of assignment, the purpose is apparent that all the property of the firm of Pope, Capps & Co. and that of the individuals composing the firm should pass by the terms of the instruments.   The husbands, the legal members of the firm, in joining in these deeds evidently understood that such was the purpose of the instruments, although they may have acted under the mistaken belief that they were simply joining in the conveyance in order to pass the supposed title of the wife.   It has been held in this State, that where the husband in an attempt to act for the wife in passing title to property that is by them supposed to belong to her is mistaken in this belief, he is nevertheless bound by the conveyance, and it will pass such title as he may have in the property.   Schmick v. Bateman, 77 Texas, 329.   Such contracts made in the name of the wife are treated as those of the husband.   We see no reason why this rule should not be applied to the deeds of assignment in this case.   It appears from the facts in the record, as well as from the recitals of the instruments before us, that the firm of Pope, Capps & Co. was insolvent, and that the members of the firm transferred the property of the concern and all the property belonging to the individual members.   Coffin v. Douglass, 61 Texas, 408.   The fact that the wives of some of the partners joined in the execution of the assignment, they having no interest in the property transferred, will not affect the validity of the conveyance.   Windham v. Patty & Mathews, 62 Texas, 491; Jones v. Patty, 1 S. W. Rep., 633.   We think the conveyance sufficient as an assignment and vests the property in appellant, to be administered in accord with the terms of the instrument.

We report the case for reversal.

*Reversed.*

Adopted November 3, 1891.

A motion for rehearing was refused.