FANNIE L. PITTS ET AL. v. MAX ELSLER.

No. 210.

**Married Woman Can Not Recover Money Voluntarily Paid.**

A married woman who voluntarily pays her money or other personal property
upon a contract made by her, or in any way that would bind a man, can
not recover it back simply upon the ground that she is a married woman.. 347

QUESTION CERTIFIED from Court of Civil Appeals, in an appeal from Second Supreme Judicial District.

No brief for appellants.

*Ball, Temple & Ball* and *M. B. Harris,* for appellee.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Second Supreme Judicial District certifies to this court the following question:

"In this case we deem it proper to certify for decision the question, whether a married woman, who has purchased personal property and paid part of the purchase price cash, and promised to pay the balance at a day specified in the future, at which time, upon the payment being made, the vendor is to deliver the personal property to her, can, before the time for the deferred payment and delivery arrives, avoid the contract and recover back the cash payment made, on the ground of coverture?"

We answer, that under the facts stated a married woman can not, solely on account of her coverture, recover the payment made.

Where money is voluntarily paid, with full knowledge of all the facts, it can not be recovered, although it may have been paid upon a void demand or upon a claim which had no foundation in fact. Taylor v. Hall, 71 Texas, 216; Gould v. McFall, 118 Pa. St., 455; 4 Am. State Rep., 606. This proposition is too well settled to require further citations of authority. A married woman who voluntarily pays her money or other personal property upon a contract made by her or in any way that would bind a man, can not recover it back simply upon the ground that she is a married woman. Sellmeyer v. Welch, 47 Ark., 485; Gillespie v. Simpson, 18 S. W. Rep. (Ark.), 1050; Gould v. McFall, 118 Pa. St., 455; Johnson v. Jones, 51 Miss., 860.

Counsel for appellants cite Cowles v. Marks, 47 Alabama, 612, in support of the position that a married woman could, upon the ground of *coverture alone,* recover money voluntarily paid by her as part of the price of property purchased by her. We do not consider the reasoning of that case as sound, nor is it in harmony with the principles of our law upon the rights and powers of married women.

In this State the right of a married woman to acquire and hold property, real and personal, either by gift, devise, descent, or purchase, is as absolute as that of her husband. She may with his consent mortgage her real estate to secure his debts, or she might give her personal property to him or to any other person. If she contract to buy on a credit and execute a note for the price, she may or. may not, as she may elect, proceed with the contract, and the person contracting with her can not refuse to carry out the agreement because she is a married woman. If she elect to abandon the contract she can not be compelled to pay what she has promised, but she must return what she has received.

Mrs. Pitts had the right to refuse to receive the property and could not be compelled to complete the unexecuted part of the contract; but when she elected to abandon the trade she must determine for herself, as if she were a man, whether it was to her advantage to refuse to proceed, and having so decided, she has only such remedies as a man would have had under the same state of case.

It would be a novel case for a plaintiff to allege that the defendant had done no wrong in the transaction, but that because she was not bound to carry out her agreement she was entitled to relief against her own deliberate act which was lawful in itself, or, if unlawful, would not put the defendant in the wrong.

If she is damaged by the result, she had it in her power to have protected herself by paying the remainder of the price and taking the goods, and if the property purchased was not in her opinion of sufficient value to justify this, she has the advantage, over a man, of abandoning the contract and escaping responsibility for other damages than the sum advanced.

Delivered December 3, 1894.