## J. H. ANDERSON ET AL. V. R. B. NEIGHBORS.

### Decided March 6, 1901.

**1.—State School Land—Sale to Married Woman.**

The Supreme Court having answered in the negative a certified question in this case whether a married woman who had purchased school land from the State and occupied it as an actual settler for five years had lost her right to the land by virtue of certain acts relative to keeping the interest due thereon to the State paid up, the judgment of the trial court in favor of a subsequent applicant to lease the land from the State is reversed, and judgment is rendered sustaining the married woman's title, which had been erroneously marked "Forfeited" by the Commissioner of the General Land Office.

**2.—Same—Statute Construed.**

The terms of the statute authorizing a sale of State school lands to "any person" are broad enough to include a sale to a married woman, whose right to acquire and hold property in Texas is as absolute as that of her husband.

Appeal from Pecos. Tried below before Hon. J. M. Goggin.

*B. C. Thomas* and *Sanford & Douglas,* for appellants.

*Walter Gillis,* for appellee.

FLY, ASSOCIATE JUSTICE.—In answer to a certified question in this case the Supreme Court has rendered an opinion that determines the issues in favor of appellants. Reference is made to that opinion for our conclusion of facts and the law applicable to the case. 1 Texas Ct. Rep., 213; 94 Texas, —; 59 S. W. Rep., 543.

Following that opinion the judgment of the District Court is reversed and judgment here rendered in favor of appellants.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

In the statement made by this court in certifying the question to the Supreme Court, it was distinctly stated that "Mrs. Anderson, a married woman, applied for and purchased from the Land Commissioner the land in controversy, and made the payment required of her at the time and gave the written obligation for the balance." It was also stated that "Mrs. Anderson and her husband have been in possession of the land since her purchase in 1895, and they have made valuable improvements on the land, and have occupied it as a homestead up to the time of the trial." With these facts before the court, it was answered "that

Mrs. Anderson's right to the land had not been lost under the circumstances stated in this case, and that the lease contract, executed after the written request made by her, conferred no right upon the lessee." That the contract of purchase was made by a married woman was clearly before the Supreme Court, and we can not for a moment conceive that the court would have answered that Mrs. Anderson had not lost her right to the land if she had no right to lose.

In the case of Pitts v. Elsler, 87 Texas, 347, it was said: "In this State the right of a married woman to acquire and hold property, real and personal, either by gift, devise, descent, or purchase, is as absolute as that of her husband. She may, with his consent, mortgage her real estate to secure his debts, or she might give her personal property to him or any other person. If she contract to buy on a credit and execute a note for the price, she may or may not, as she may elect, proceed with the contract, and the person contracting with her can not refuse to carry out the agreement because she is a married woman."

There is but one ground upon which the contract made with Mrs. Anderson can be declared void, and that is that she is not a "person" in the contemplation of the statute, and that the law expressed in the Pitts-Elsler case does not apply to a contract with the State, as was held. as to minors in the case of Walker v. Rogan, 93 Texas, 248.

Much that is said in that case in regard to minors it would seem might apply with equal force to married women, but the opinion does not in terms extend so as to include married women, and it may be presumed from the answer to our question that they will not be so included.

Independent of the expressions in the Walker-Rogan case, we would experience no difficulty in holding that when the State, through its duly accredited agents, has entered into a contract with a married woman. it would occupy the position of an individual contracting with her, and could not refuse to carry out the agreement because she is a married woman. We do not believe that the doctrine of the Walker-Rogan case should be extended to a married woman, but that it must be held, as in Elsler v. Pitts, that "in this State the right of a married woman to acquire and hold property, real and personal, either by gift, devise, or descent. or purchase, is as absolute as that of her husband." See Lee v. Green, 58 Southwestern Reporter. 196 and 847, in which writ of error was refused by the Supreme Court.

If that be the law of Texas, the Legislature must have had the married woman in contemplation when it used the broad term, "any person," and never intended to exclude her from the right to acquire a home out of the public lands for herself and her children.

The facts in this case establish that five years before the time of trial Mrs. Anderson had purchased the land in controversy from the State of Texas, and had made all payments required by law, giving her obligation for the unpaid purchase money, that she was in possession of the land when her application was made, and together with her husband

has ever since made it her home, expending money upon it and improv-
ing it.    The State is satisfied with the sale to her, and not only is not.
attempting to repudiate it, but, on the other hand, through its Com-
missioner of the General Land Office, has endeavored to uphold it.   Ap-
pellant, to whom the State has refused to lease the land, alone seeks to.
avoid the contract between the State and its vendee because she is a
married woman.    Weatherford v. McFadden, 21 Texas Civ. App., 260..

Believing that, in answering that Mrs. Anderson had not lost her
right to the land, the Supreme Court must have intended to hold that:
she had a right to the land, and believing that a married woman is in-
cluded in the broad term "any person," the motion for rehearing is,
overruled.

*Overruled..*

Writ of error refused.