## FERGUSON v. KUEHN et al. (No. 6469.)

(Court of Civil Appeals of Texas. Austin. Oct. 11, 1922. Rehearing Granted Dec. 6, 1922. Rehearing Denied Dec. 22, 1922.)

1. **Vendor and purchaser ⬤⟿142—Rule as to declaration to constitute breach of contract stated.**

In order for a declaration that nothing more would be done with reference to clearing title to constitute a breach of contract by vendor, it must have been made by vendor or some one duly authorized by him; it must have been positive and unequivocal, and must have been accepted as final termination of the contract by the purchaser, and so acted upon by him.

2. **Husband and wife ⬤⟿121, 149(1)—Property paid for by wife's money held her separate property; judgment against husband not lien on separate property of wife.**

Where land was paid for by a wife out of her separate means, it became her separate property and was not liable for the debt of her husband, and a judgment against her husband was not a lien on such property.

3. **Vendor and purchaser ⬤⟿130(8)—Judgment against husband of former owner of land held not to render title unmerchantable.**

Where former owner of land held it as her separate property, a judgment against her husband alone appearing on the abstract of title did not prevent the title from being merchantable.

4. **Judgment ⬤⟿256(2)—Duty of trial court to render judgment when finding on immaterial special issues.**

An exception to the general rule that, when a verdict has been returned, there are but two courses open to the court, one to set the verdict aside, and the other to render judgment thereon, is that, if the special issues submitted by the court are immaterial, the verdict thereon is in law no verdict in the case, and, where the jury is discharged without objection of either party, it is the duty of the court to render such judgment as is required by the evidence.

5. **Appeal and error ⬤⟿1175(1)—When case reversed, appellate court renders such judgment as should have been rendered below.**

On reversal of judgment entered on verdict of jury on ground that court should have ignored the verdict as being based on immaterial special issues and entered judgment, the court on appeal will, as directed by Rev. St. art. 1626, render the judgment the trial court should have rendered.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Suit by J. C. Ferguson against A. L. Kuehn and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

W. M. Sleeper and D. A. Kelley, both of Waco, for appellant.

W. H. Jenkins, Alva Bryan, and John Maxwell, all of Waco, for appellees.

### Findings of Fact.

JENKINS, J. On August 16, 1919, appellant and appellee entered into a written contract for the sale of a tract of land in McLennan county, the substance of which was that appellee was to pay appellant therefor the sum of $7,000 in cash, and also the further sum of $10,000 in cash, payment to be made January 1, 1920, at which time appellant was to execute a deed to appellee and deliver him possession of the land.

It appears from the contract that there were liens of record against this land amounting to $7,777.50; that appellant was to pay off and discharge these liens out of the money to be paid to him by appellee in order to enable appellee to obtain a mortgage on the land. Appellant was to furnish appellee within 10 days an abstract showing a merchantable title, subject only to the payment of the liens as above stated. Appellee was to have 10 days in which to have the abstract of title examined. If the abstract showed any defects in the title, appellant was to have the same cured, if he could do so. No time being fixed for this, as a matter of law he would have had a reasonable time to cure any such defects. A reasonable time would have been a sufficient length of time before January 1, 1920, to have enabled appellee to obtain a loan on the land. The abstract was furnished as per contract, and same was submitted by appellee to his attorney, Judge W. H. Jenkins, for examination.

In addition to the liens referred to in the contract, the abstract showed that a judgment had been obtained by the Gibson Well Water Company of Mineral Wells against one J. E. Stack for $610.90, and an abstract of same filed for record in McLennan county September 7, 1914. J. E. Stack was the husband of Eva Stack. It is not made to appear that Judge Jenkins stated to appellee that the abstract of the Gibson Well Water Company's judgment would prevent the abstract of title showing a merchantable title, but that he stated to appellee it was doubtful if he could obtain a loan on the property without a release of that judgment. This fact was made known to appellant, who stated to appellee that the Gibson Well Water Company's judgment was paid off and a release of the same obtained when he purchased the property, and that such release was in the possession of his attorney, Mr. D. A. Kelley. Upon inquiry of Mr. Kelley, he stated that he conducted the transaction for appellant at the time he purchased the land, and that the Gibson Well Water Company's judgment was

then paid off and a release obtained, but that the same was not in his possession, but was perhaps in appellant's possession. Both appellant and Kelley made search for this release, and neither of them succeeded in finding it. On September 3, 1919, Mr. Kelley made an affidavit to the effect that the Gibson Well Water Company's judgment had been paid off and a release thereof executed, and that the same had been mislaid or lost, and such affidavit was filed for record at that date. Subsequently Mr. Kelley obtained another release from the Gibson Well Water Company and filed the same for record December 4, 1919, of which fact appellee was about that time notified.

The court submitted the case to a jury upon the following special issues:

"No. 1. State whether or not the plaintiff's attorney, D. A. Kelley, prior to the time the release of the judgment lien was obtained from the Gibson Well Water Company, told defendant that he had done everything he expected to do with reference to clearing said title."

To which the jury answered "Yes."

"No. 2. State whether or not the defendant made a reasonably sincere effort to negotiate a loan on the land in question with which to make the payment on the land in issue."

To which the jury answered "Yes."

At the time of the execution of the contract above referred to the appellee executed and delivered to a stakeholder a note for $1,500, payable to appellant. The contract provided that, if appellee should breach the same, this note should be delivered to appellant and accepted by him as liquidated damages for such breach. Appellee refused to comply with the contract, and refused to permit the stakeholder to deliver the note referred to. He contends on this appeal that he was justified in refusing to comply with the contract, for the reason that appellant first breached the contract by failing and refusing to obtain a release of the judgment from the Gibson Well Water Company. This suit was to recover upon the note referred to. Such refusal on the part of appellant, if any, was not, under the facts of this case, a breach of the contract on his part.

• The evidence in the record is sufficient to sustain the finding of the jury to question No. 1, supra. We do not think that it is sufficient to sustain the finding to question No. 2. In view of our finding as above stated that appellant did not breach the contract, it is unnecessary for us to discuss the evidence with reference to question No. 2.

## Opinion.

[1] Appellee admits that he did not comply with the contract referred to in the statement of facts, but claims that he was released from obligation to do so by reason of the fact that appellant first breached the contract. So that the one issue in this case, to which all others are subordinate, is: Did appellant breach the contract? If so, the evidence thereof rests solely upon the finding of the jury to question No. 1, to the effect that appellant's attorney, Mr. Kelley, prior to the time the release of the judgment lien was obtained from the Gibson Well Water Company, told the defendant that he had done everything he expected to do with reference to clearing said title. This declaration, having been made at least a month prior to the time when the contract for the sale of the land was to be closed, was, at most, only an anticipatory breach. In order for the same to have been a breach of the contract, the declaration must have been made by appellant, or some one thereunto duly authorized by him; it must have been positive and unequivocal, and must have been accepted as final termination of the contract by appellee, and so acted upon by him. Smoot's Case, 15 Wall. 36, 21 L. Ed. 107–111; Dingley v. Oler, 117 U. S. 504, 3 Sup. Ct. 850, 29 L. Ed. 988; Kilgore v. N. W. T. Baptist Soc. (Tex. Civ. App.) 37 S. W. 473; Id., 90 Tex. 143, 37 S. W. 598. We do not think that the evidence in the record is sufficient to sustain this contention. However, for reasons herein set forth, we do not deem it necessary to discuss the evidence on this point.

[2] The land mentioned in the contract was deeded to Mrs. Eva Stack by C. H. Graves April 24, 1914, reciting a payment of $12,500 paid by her out of her separate estate, and the further consideration of the payment by her of an incumbrance of $5,500 owing to the Temple Trust Company, and $5,000 in notes due 1915, 1916, 1917, 1918, and 1919. The payment of this indebtedness was assumed by Eva Stack, who was at that time the wife of J. E. Stack. The indebtedness referred to was never paid by Eva Stack nor by her husband. Eva Stack and her husband conveyed this land to W. M. Shelley, who assumed the payment of the indebtedness referred to. By intermediate deeds, the land was conveyed to appellant, who assumed the payment of this indebtedness, except $2,000, which had been previously paid. Appellant had paid $1,000 on these notes, and at the time of this transaction owed $2,000 thereon, and in addition thereto the $5,500 referred to and $275. These were the debts that appellant was to pay off out of the money to be paid him by appellee. The land having been paid for by Mrs. Stack out of her separate means, and this fact appearing from the recitals in the deed, it became her separate property, and was not liable for the debts of her husband. The abstract of the judgment in favor of the Gibson Well Water Company was filed September 7, 1914, against J. E. Stack, for $610.90. Eva Stack was not a defendant in that suit, and the judgment thus obtained against her husband did not constitute a lien upon her property any more than it would have constituted a lien upon

the property of any one else. In this state the capacity of a wife to acquire and hold property in her separate right is as complete as that of the husband. Cartwright v. Hollis, 5 Tex. 156; Edrington v. Mayfield, 5 Tex. 366; Reynolds v. Lansford, 16 Tex. 292; Womack v. Womack, 8 Tex. 413, 58 Am. Dec. 119; Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518; Kirk v. Navigation Co., 49 Tex. 215.

[3] Such being the law, the abstract of the judgment referred to against J. E. Stack did not prevent appellant's title from being merchantable, and therefore, had he positively refused to take any steps to secure the release of such judgment, the same would not have been a breach of his contract to furnish a merchantable title.

We have felt some uncertainty as to whether we ought to reverse and remand this case or reverse and render judgment for appellant Appellant, at the conclusion of the testimony, objected to the special issues submitted by the court, and saved his objections by bills of exceptions, and requested the court to instruct the jury to return a verdict in his favor. This the court refused to do. After the return of their verdict by the jury, appellant moved the court to render judgment in his favor, which motion was by the court overruled. Appellant assigns error upon the refusal of the court to enter judgment in his favor.

[4, 5] As a general rule, when a verdict has been returned by a jury, there are but two courses open to the court; one is to set the verdict of the jury aside, and the other is to render judgment in accordance with such verdict. We think this rule subject to this exception, that, if the special issues submitted by the court are immaterial, the verdict of the jury thereon is, in law, no verdict in the case. Certainly, if such findings are upon wholly immaterial issues, they could afford no basis of a judgment. In such case, if the jury is discharged without objection by either party, the case stands as 'if no verdict had been rendered, and thereupon it becomes the duty of the court to render such judgment as is required by the evidence. If our view of the law as herein expressed is correct, under the undisputed testimony, upon the discharge of the jury without having rendered a verdict which could become the basis of a judgment, and which for that reason was no verdict at all, it was the duty of the court to render judgment in favor of appellant. Article 1626 of the Revised Statutes requires this court, if a case is reversed, to render such judgment as should have been rendered by the trial court.

For the reasons stated, we reverse the judgment herein, and render judgment for appellant.

If we should reverse and remand this cause, we would feel constrained to instruct the trial court to render judgment for the appellant as prayed for in his petition. The law does not require a vain thing, and we see no reason why such course should be taken rather than that judgment should be here rendered, which we think is required by law under the facts of this case.

Reversed and rendered.

## On Motion for Rehearing.

In view of the decisions in this state with reference to the duty of a trial court to render judgment upon the verdict of a jury, unless the same is set aside, we have concluded that the judgment herein should be reversed and remanded. So much of our decision herein as rendered judgment for appellant is here set aside, and the judgment of the trial court herein is reversed and remanded.

Reversed and remanded.

## On Second Motion for Rehearing.

In our original opinion herein we reversed and rendered judgment in favor of appellant, for the reason that we did not think the issues submitted to the jury were material. Upon motion for rehearing we became doubtful as to the materiality of the second issue submitted, and were of the opinion that the facts in reference thereto ought to be more fully developed. We are still of that opinion, for which reason appellant's motion for a rehearing is overruled.

Overruled.