### OIL EXCHANGE & BOARD OF TRADE, Inc., v. HOGLE et al. (No. 7353.)

(Court of Civil Appeals of Texas. San Antonio. April 29, 1925. Rehearing Denied May 20, 1925.)

**Husband and wife ⬅90—Married woman held not entitled to recover back money paid for stock merely because she was married.**

Married woman, who purchased stock and completed all payments with full knowledge of facts, under agreement entered into voluntarily and in good faith by both parties, could not recover back money paid merely because she was married, even if contract was originally unenforceable.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by Mrs. Mina Hogle and husband against the Oil Exchange & Board of Trade, Inc. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Durwood H. Bradley, of Lubbock, for appellant.

Chas. T. Rowland, of Fort Worth, for appellees.

SMITH, J. Mrs. T. L. Hogle, a married woman, entered into an agreement with appellant, a stock brokerage corporation, for the purchase of 25 shares or units of an oil leasing concern. The agreed purchase price was $250, to be paid in installments by Mrs. Hogle. After completing the purchase by paying to appellant the amount agreed upon,

but before the stock was actually delivered to her, Mrs. Hogle, joined pro forma by her husband, brought this action against appellant to rescind the contract of purchase and recover the amount paid, as well as $500, as exemplary damages. Appellees' demand was predicated upon the allegation, first, that Mrs. Hogle was induced to enter into the agreement through fraudulent representations made to her by appellant; and second, because she was a married woman without the power to make the contract.

The allegation of fraud was in effect abandoned by appellees, since no evidence was adduced to support it, but the court directed a verdict in appellees' favor for the amount paid, apparently upon the sole ground that, because of her coverture, Mrs. Hogle was without power to make the contract under which she paid appellant the amount in controversy. In response to the directed verdict, the court rendered judgment in appellees' favor.

In the absence of fraud, Mrs. Hogle voluntarily paid the amount in controversy to appellant, with full knowledge of all the facts, and in pursuance of an agreement entered into voluntarily and in good faith by the parties. In such case she was not entitled to recover back the money thus paid, even though the contract was itself voidable and unenforceable as an original proposition.

"A married woman who voluntarily pays her money or other personal property upon a contract made by her, or in any way that would bind a man, cannot recover it back simply upon the ground that she is a married woman." Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518; Investment Co. v. Clark (Tex. Com. App.) 239 S. W. 198.

The judgment is reversed, and the cause remanded.

# MEMORANDUM DECISIONS

## 1

O. E. BROOKS v. STATE. (No. 8970.) (Court of Criminal Appeals of Texas. May 27, 1925.) Commissioners' Decision. Appeal from District Court, Palo Pinto County; J. B. Keith, Judge. Scarborough & Wilson, of Abilene, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BAKER, J. Appellant was indicted and convicted in the district court of Palo Pinto county for the offense of burglary, and his punishment assessed at two years' confinement in the penitentiary. The record is before us without any bills of exception or brief upon the part of the appellant. After a careful examination of the record as presented to us, we fail to find any error disclosed therefrom, and are of the opinion that the judgment of the trial court should be affirmed; and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and the conclusions announced are approved by the court.

## 2

Oat BURDICK v. STATE. (No. 9493.) (Court of Criminal Appeals of Texas. May 27, 1925.) Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge. Mays & Mays and Dave Miller, all of Fort Worth, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for possessing equipment for the manufacture of intoxicating liquor. Punishment, one year in the penitentiary. The record contains neither bills of exception nor statement of facts. Nothing is presented to this court for review. The judgment is affirmed.

## 3

Francis BURGESS v. STATE. (No. 9283.) (Court of Criminal Appeals of Texas. May 27, 1925.) Appeal from District Court, Ochiltree County; W. R. Ewing, Judge. R. T. Correll, of Perryton, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is assault with a prohibited weapon; punishment fixed at a fine of $700. The record is before us without statement of facts or bills of exception. No error in the procedure has been pointed out or perceived. The judgment is affirmed.

## 4

Paul CARPENTER v. STATE. (No. 9129.) (Court of Criminal Appeals of Texas. May 27, 1925.) Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge. Muse, Strawn & Muse, of Dallas, for appellant. Shelby S. Cox, Cr. Dist. Atty., of Dallas, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of 15 years. According to the state's testimony, after 15 years of married life, the appellant and his wife, Kate Carpenter, were divorced. He afterwards married another woman. Appellant went to her house, and while there made an unprovoked attack upon her, shooting her five times. Appellant testified in his own behalf, and apparently advanced the theory that his penalty should be mitigated on account of the use of intoxicating liquor. This theory was submitted to the jury in a manner against which no criticism is addressed. There are no complaints of the rulings on the trial preserved by bills of exception. No fundamental error has been perceived. The evidence supports the verdict, and the punishment inflicted was under