**FIRST NAT. BANK OF McALLEN et al. v. MOORE et ux.  (No. 7973.)**

Court of Civil Appeals of Texas. San Antonio. March 28, 1928.

Rehearing Granted and Judgment Affirmed May 2, 1928.  Overruled June 6, 1928.

**1. Husband and wife ⟨key⟩255—Deed to wife reciting she bought land in separate right, paid for out of separate estate, was notice that land was her separate estate.**

Where deed to wife recited that she bought land in her separate right and that it was paid for out of her separate estate, property belonged to wife the same as though she had been unmarried, and recitals in deed put every one on notice that land was her separate estate and indicated that it was not affected by judgment against her husband in cause to which she was not party.

**2. Quieting title ⟨key⟩10(2)—Wife could have title quieted where defendants, having judgment against husband, were asserting judgment lien on her separate land, which was also homestead.**

Wife *held* entitled to aid of court of equity in quieting title, where defendants, having judgment against husband in cause to which wife was not party, were asserting judgment lien on property which was separate estate of wife, and was also homestead of wife and husband.

**3. Quieting title ⟨key⟩7(4)—Title to wife's separate property could be quieted, though recitals in deed rendered attack through judgment lien under judgment against husband void.**

Wife *held* entitled to relief in suit to quiet title, where defendants, having judgment against husband, were asserting judgment lien on land which was separate estate of wife, though recitals in deed to wife rendered any attack through judgment lien void and untenable.

**4. Quieting title ⟨key⟩7(4)—Though judgment lien was void on its face, court must cancel it, where defendant asserted claim under it.**

Where defendants, having judgment against husband, sought to fix lien against land, which was separate property of wife, and also homestead of husband and wife, by an abstract of such judgment recorded by defendants, court must cancel lien, even though judgment lien was void on its face, so far as land of wife was concerned.

**5. Quieting title ⟨key⟩7(4)—Record of judgment against husband while not creating lien against wife's property could form basis for suit to quiet title.**

Record of judgment against husband while not creating lien against separate property of wife could form sufficient basis for suit to quiet title and remove cloud created by it.

On Motion for Rehearing.

**6. Libel and slander ⟨key⟩139—Filing abstract of judgment against husband held to entitle wife owning property as separate estate to $500 damages, where prospective sale was rescinded.**

Where defendants knew that land was separate estate of wife and desired to force husband and wife to pay off judgment against husband by filing abstract of such judgment, and sale was broken off by such record, and defendants refused to lift cloud from title of wife, but persisted in claiming a lien on her property, trial court's finding that wife was entitled to $500 damages *held* sustained by evidence.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Suit by J. P. Moore and wife against the First National Bank of McAllen and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Griffin & Kimbrough and R. M. Bounds, all of McAllen, for appellants.

Don A. Bliss, of San Antonio, for appellees.

FLY, C. J. This suit was instituted by J. P. Moore and Pearl F. Moore, his wife, to cancel a certain lien sought to be fixed by an abstract of judgment recorded by appellants, on the homestead of appellees, to recover damages from appellants and to perpetually enjoin them from asserting any claim to lot 3 in block 35, in the town of North McAllen, in Hidalgo county.

The cause was heard by the court, without a jury, and judgment rendered that appellees be quieted in their title to the lot, that the abstract of judgment be canceled, and that appellants the First National Bank of McAllen and C. D. Crow be "perpetually enjoined and prohibited from claiming any right, title, or interest in and to said parcel of land by virtue of said abstract of said judgment." It was further adjudged:

"That the said Pearl F. Moore, joined by her said husband, J. P. Moore, do have and recover of said defendants, jointly and severally, the sum of $500, being the actual damages sustained by reason of the claim of the said defendants," etc.

The property was claimed as a homestead and as the separate estate of Pearl F. Moore, and the deed made to her by Charles H. Smith and wife recites that she bought the land in her separate right, and that it was paid for out of her separate estate. Land conveyed to a married woman becomes community property, unless it be shown that she paid for it out of her separate estate, or unless the title was placed in her name as a gift to her. Wade v. Wade (Tex. Civ. App.) 106 S. W. 188. When the deed to husband or wife fails to recite any facts indicating that it is the separate property of the spouse to whom conveyed, the presumption arises that it is community estate. Of course, such presumption may be removed by oral testimony. Higgins v. Johnson, 20 Tex. 389, 70 Am. Dec. 394; Cummins v. Cummins (Tex. Civ. App.) 224 S. W. 903.

[1] The deed to Pearl F. Moore by its recitals put every one upon notice that the land was her separate estate, and indicated that it was not affected by the judgment against her husband in a cause to which she was not a party. The property was hers, the same as though she had been unmarried, and the record charged every one with notice of that fact. Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518; Ferguson v. Kuehn (Tex. Civ. App.) 246 S. W. 674. The record of the abstract of judgment did not in law affect the merchantable character of her title and it would therefore form no basis for damages.

[2] While there are no grounds disclosed for the recovery of damages, still appellees would be entitled to the aid of a court of equity in quieting the title of Mrs. Moore to the land. It is not shown that J. P. Moore had any property that could be affected by the record of the abstract of judgment, but, on the other hand, it is reasonably apparent that he had nothing subject to execution, and it is also apparent that appellants were seeking to create a lien against the property of Mrs. Moore. This is indicated by their refusal to give a release or disclaimer to Mrs. Moore, and by their failure not only to recognize, but to resist, her claim of title to the land in her own separate right. Their action did cast a cloud upon the title when a purchase was lost because appellants would not agree that the judgment against her husband did not affect her land. Appellants did not recognize either the separate property status of the land or its homestead character, but were preparing to assail both. Appellees were not moved by mere apprehension and groundless fear. Appellants were asserting a judgment lien on the land. It must be kept

in view that the property was not only the separate estate of Mrs. Moore, but was the homestead of her and her husband and the right of the wife to enter a court of equity in such case was recognized in Texas many years ago. Clegg v. Varnell, 18 Tex. 294. It has been held in a number of states that, where the instrument alleged to cast a cloud upon a title is necessarily void, a suit to quiet title will not prevail; but we prefer the position taken by Pomeroy in his Equity Jurisprudence. He says of the doctrine adverted to:

"It leads to the strange scene, almost daily in courts, of defendants urging that the instruments under which they claim are void, and therefore that they ought to be permitted to stand unmolested, and of judges deciding that the court cannot interfere because the deed or other instrument is void, while from a business point of view every intelligent person knows that the instrument is a serious injury to the plaintiff's title, greatly depreciating its market value, and the judge himself who repeats the rule would neither buy the property affected by it while thus affected nor loan a dollar upon its security. This doctrine is in truth based upon mere verbal logic, rather than upon considerations of justice and expediency."

While citing many cases sustaining the doctrine condemned by him, no Texas case was cited, and it will be a clause for congratulation if no such Texas case exists.

[3] In the case under consideration appellants did not give full faith and credit to the recitals in the deed to Mrs. Moore, and not only were preparing to attack such recitals, but are in this suit assailing them, and it would be utter folly to hold that no relief could be granted because the recitals in the deed rendered any attack through the judgment lien void and untenable. As said by Judge Stayton, for the Supreme Court of Texas, in Day Co. v. State, 69 Tex. 526, 4 S. W. 865, after quoting with approval the excerpt from Pomeroy's Equity Jurisprudence herein copied:

"A defendant who asserts claim, even under an instrument void on its face, cannot be heard to say that it has not such semblance of validity as to create a cloud upon the title to property, which it professes to convey, that will prejudice the right of the real owner if it be not removed. He cannot be heard to say that others will not attach to it the same degree of faith and credit as a title bearing instrument, which he in good faith gives to it, and that, to the extent of the doubt or cloud thus cast upon the real title, its holder is injured, or is likely to be injured."

[4, 5] If the judgment lien is on its face void in so far as the land of Mrs. Moore is concerned, still it may not, and did not, impress intending purchasers in that way, and as pertinently said in the case last cited:

"The better rule is that, notwithstanding an instrument may be void upon its face, a court

has power, which it must exercise, not only to declare the instrument void, but to cancel it where a defendant asserts claim under it."

This court followed the Day Case decision in an opinion rendered by Associate Justice Neill, in the case of Morton v. Morris, 27 Tex. Civ. App. 262, 66 S. W. 94. The decision in Day v. State has never been directly questioned in this state. There is nothing in Ferguson v. Kuehn (Tex. Civ. App.) 246 S. W. 674, that is in conflict with Day v. State. That decision was only to the effect that, where an abstract of a judgment against the husband was placed of record, it did not prevent the title of the wife in her own separate right from being merchantable. The question as to whether such judgment formed such a cloud on the wife's title as to become the basis for a suit to remove such cloud did not arise in the case. The record of the judgment while not creating a lien against the separate property of the wife still might form a sufficient basis for a suit to quiet title and remove a cloud created by it, as held in Day v. State and Morton v. Morris herein cited.

If we had concluded that appellees were entitled to recover damages for slander of the title of Mrs. Moore, we could not entertain the proposition that the record of the abstract of judgment would not be a publication of the slander. The statute makes such record notice to the world, and it would certainly be sufficient publication. There is no evidence of malice and we need not further discuss the question of damages, as we have determined that no basis was shown for the recovery of damages.

The various propositions are without merit and are overruled. The attacks on the findings of fact are not supported by the statement of facts. This court approves the findings of fact of the lower court except as to damages.

The damages adjudged to appellees are stricken from the judgment, and, with such damages eliminated, the judgment will be affirmed in all other particulars, all costs to be assessed against appellants.

Reformed and affirmed.

## On Motion for Rehearing.

FLY, C. J. [6] After another review of the facts we arrive at the conclusion that there is testimony sustaining the judgment of the court for $500 damages. While there is authority for the proposition that the mere filing of the abstract of judgment did not in law constitute a basis for damages, still circumstances may surround such filing as to cause damages to one whose title to land is clouded by such record of the abstract of title. The facts of this case show that appellants knew that the land was the separate estate of Mrs. Moore, and evidently desired to force appellees to pay off the judgment. A sale was broken off by such record and appellants refused to lift the cloud from the title of Mrs. Moore, but persisted in claiming a lien on her property. The evidence warrants the amount of damages found by the court. The motion for rehearing is granted, that part of our judgment reversing the judgment as to damages is set aside, and the judgment of the lower court in all things affirmed.