## MOSS et al. v. REVERRA.
### No. 4050.

Court of Civil Appeals of Texas. Texarkana.
June 24, 1931.

Rehearing Denied July 7, 1931.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellants.

L. E. Keeney, of Texarkana, for appellee.

LEVY, J. (after stating the case as above).

There is presented for decision the points in view, in effect, that (1) there was not established any promise on the part of Mrs. Moss to pay the pre-existing indebtedness of $125 due the appellee, and (2) the agreement of Mrs. Moss, to assume the payment of the $125 for the steel casket used in the exhumation and reburial of the body of Robert S. Campbell, was not a contract within the legal powers of contract of a married woman.

There is evidence going certainly to show that the appellee provided a steel casket worth $125 to rebury the exhumed body of Robert S. Campbell. Since the evidence pertaining thereto is conflicting, the trial court's finding would have to prevail, as involved in the judgment, that the steel casket was furnished at the joint instance of J. M. Campbell and Mrs. Moss and they jointly agreed to pay therefor the sum of $125. Thereafter, on December 1, 1928, as further found by the trial court upon conflicting evidence, "Lynnie S. Moss with the consent and acquiescence of her husband, R. R. Moss, agreed to pay the plaintiff in this case the debt involved herein, that is, the sum of $125 which was to be paid to the plaintiff for the furnishing of the steel casket to rebury Robert S. Campbell." The particular agreement does not appear to have been embodied in the written agreement, as seems, by reason of the intention of the parties. The general agreement was treated in the case as resting partly in parol and partly in writing. Therefore, in view of the findings, it must be said that in point of fact Mrs. Moss did agree to pay the indebtedness of $125 in evidence.

The next point depends on the circumstances, for her right is measured by the nature of the contract. The factual elements are reflected by the written agreement of December 1, 1928, and appear in the evidence without conflict, that J. M. Campbell and Mrs. Moss, being the only heirs, mutually agreed between themselves to set aside and not to probate the will of Mrs. Ida Campbell, and not to have any administration on her estate, but independently themselves to make "compromise and settlement of their rights, including partition and division of said estate." It appears in the agreed division made of all the property that there was set aside to J. M. Campbell certain pieces of personal property which was a part of Mrs. Ida Campbell's interest in the community property, and also all of the homestead, and on the terms of equalization of rights and equities therein he was to pay Mrs. Moss the sums of $40 and $20 as community debts owing her. There was set aside to Mrs. Moss certain pieces of personal property which were a part of the community personal property, and all of the separate personal property of Mrs. Ida Campbell. Mrs. Moss was to take and receive certain of the pieces of the separate personal property set over to her purely as an heir. She was to take the remaining part of the property set over to her upon the following footing; Mrs. Moss was required to:

"(1) Cancel all indebtedness of every kind and character held by her against the estate of Mrs. Ida Campbell and against the community estate of Mrs. Ida Campbell and J. M. Campbell;

"(2) pay to J. M. Campbell the sum of $75 in cash to equalize the rights and equities of the parties to the personal property division herein made;

"(3) Mrs. Lynnie S. Moss shall pay the funeral expenses of the said Mrs. Ida L. Campbell amounting to the sum of $434.72 owing to the Reverra-Fewell Funeral Home and the further sum of $26.50 in connection with such funeral expenses;

"(4) Mrs. Lynnie S. Moss to pay to Paul Reverra the sum of $125 for the furnishing of the steel casket to rebury Robert S. Campbell."

Mrs. Moss took over one of the three pieces of jewelry, the separate property of her mother, not as heir but solely in satisfaction and cancellation of her claim of indebtedness against her mother's estate. She took over another piece of the separate property, the diamond brooch of her mother, not as heir, but purely upon the stipulation that she pay all the funeral expenses of Mrs. Ida Campbell. And upon the promise of Mrs. Moss to assume the payment of the $125 for the steel casket for the reburial of Robert S. Campbell, she took over particular pieces of personal property which otherwise would have

been taken by J. M. Campbell by descent, and have been delivered over to him in severalty. The trial court found, in effect, that Mrs. Moss in assuming to pay the $125 was thereby paying J. M. Campbell for the particular property as of purchase thereof, and not a reimbursement for a deficiency in value as equalization of shares in the property. The court found upon evidence warranting it, viz.: "I find in consideration of such agreement (assuming to pay the $125) of the said Lynnie S. Moss, J. M. Campbell relinquished all rights he had by inheritance in the separate property of his deceased wife to the defendant, Lynnie S. Moss, and also delivered to her certain property which was community property between him and his wife and in which Lynnie S. Moss had no interest by reason of the will of her mother. I further find that by the agreement (to assume to pay the $125) made between Lynnie S. Moss and J. M. Campbell that Lynnie S. Moss acquired, to say the least of it, several hundred dollars worth of personal property which in law belonged to the defendant, J. M. Campbell."

■ Therefore, in the light of the nature of the transaction and in the view of the trial court's finding of fact, What is the legal classification of the special agreement of Mrs. Moss to assume the payment of the $125 for the steel casket? In order for the agreement to be a contract within the Married Women's Act, it must have been (1) for the benefit of her separate estate, or (2) for or about the management and control of her separate property. Article 4614, R. S.; Whitney v. McMahan, 111 Tex. 242, 231 S. W. 694; Speer on Marital Rights (3d Ed.) § 179.

■ It is believed that it may not be reasonably concluded that the agreement by Mrs. Moss to assume the payment for a steel casket used in the exhumation and reburial of the body of Robert S. Campbell was in the nature of a contract for or about the care and benefit of her separate property, in the course of the management or control of the same. At the time she assumed the liability, the property was not even in her present possession or in her control. And neither can her agreement to assume the liability be in anywise regarded, directly or remotely as a benefit of her separate property. The $125 was not a debt nor incumbrance for which either the separate or the community property of Mrs. Ida Campbell was liable to pay. Nor was it an existing charge at the time upon any of the pieces of the separate personal property of Mrs. Moss inherited by her as an heir, or as equalization of shares set aside to her purely as an heir. Such indebtedness had no relation whatever to the common property then being voluntarily partitioned. It did not enhance its value, or in any way go to the benefit of the property. The assumption of the liability was purely a personal undertaking on the part of Mrs. Moss to pay out money in discharge of an indebtedness previously incurred jointly by her and J. M. Campbell. As plainly established by the trial court's finding of fact, which is the controlling fact of the point under consideration, the assumption by Mrs. Moss of the liability for the $125 became the sole consideration for what Mrs. Moss got in the way of certain portions of personal property beyond that coming to her as an heir. For the $125 was not an amount to be paid J. M. Campbell as reimbursement for deficiency in value as equalization of shares. In the view of the aforementioned finding, Mrs. Moss was taking the particular portion of property by purchase, and not by descent, as distinct pieces of personal property "which belonged to J. M. Campbell." In effect, it was a sale by one cotenant of a particular portion of the personal property to another cotenant. A transfer of particular portions of personal property for a stipulated price is not a partition in severalty, but a simple sale. Therefore, such portions of the personal property so acquired, although on a sufficient consideration, would be community and not separate property under the statute, and the consideration agreed to be paid for the same would be no more than a community debt. For separate property can only be acquired under the law by gift, devise, or descent. Section 15, art. 16, Const.; Article 4614 (amended by Acts 1929 c. 32, § 1 [Vernon's Ann. Civ. St. art. 4614]). Quoting from Speer on Marital Rights (3d Ed.) § 191 on the wife's liability for unpaid purchase money: "A distinction must be borne in mind between the power to own property and the power to contract for its acquisition. It has always been held that the wife is liable for money only when the articles purchased were necessaries or for the benefit of her separate property. It has never been thought that she has the right to buy indiscriminately what she pleases and bind herself or her husband."

The cases cited in the brief point out a different state of facts from the facts now under consideration in the present case.

In passing, it may be observed in the case that in view of Mrs. Moss' taking by purchase the particular portions of property "which belonged to J. M. Campbell" that probably the right would exist in J. M. Campbell, upon the ground that the particular agreement of purchase on the part of Mrs. Moss was void, to recover back from Mrs. Moss the possession of the specific pieces of property so delivered over to her upon her promise to pay therefor the $125. Although, being a married woman, she could not legally bind herself by the contract, yet Mrs. Moss would be estopped from claiming and withholding such particular pieces of property, without paying the purchase price therefor. In that character of suit, the point of estoppel would rest as sim-

ilarly in the case of Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518. But the appellee's right to hold Mrs. Moss for the liability is, and would be, entirely dependent upon the legal validity of her agreement to pay the money.

In view of the facts, it is believed that Mrs. Moss cannot be held personally liable for the debt sued on, and the judgment against her is accordingly reversed, and judgment is here entered in her favor, with the costs of the appeal and of the trial court. The judgment against the appellee, J. M. Campbell, will be in all things undisturbed, he not having appealed from the judgment rendered.

The judgment is affirmed in part, and reversed and rendered in part.