## GARNER et al. v. JONES.

### No. 3173.

Court of Civil Appeals of Texas. El Paso. March 21, 1935.

Rehearing Denied April 18, 1935.

O. R. Armstrong and Leo Jaffe, both of El Paso, for appellants.

Potash & Cameron, of El Paso, for appellee.

HIGGINS, Justice.

On July 23, 1931, Mrs. Grace Garner, without the joinder of her husband, for the purpose of associating herself as a member of a Lloyds America insurance organization, at San Antonio, Tex., executed an underwriter's agreement. On the same date she also, without the joinder of her husband, executed a power of attorney to Elliott Jones, authorizing him to act as her attorney in fact in the insurance enterprise.

On the same date Mrs. Garner, joined by her husband, in writing, assigned and delivered certain corporate stock certificates owned by her as her separate property of the value of $1,500 to Jones, which represented her capital investment in said Lloyds America. A certificate was issued to Mrs. Garner showing such assignment.

Thereafter Mrs. Garner, joined by her husband, brought this suit against Jones, as attorney in fact for Lloyds America, to recover the value of the stock as for wrongful conversion thereof by Jones, with alternative allegations for rescission and recovery of such value.

Upon trial without a jury judgment was rendered denying the relief sought.

*Opinion.*

The Lloyds America in question is an association of insurance underwriters created and operating under the provisions of chapter 19, title 78 (articles 5013 to 5023, R. S.), as amended by chapter 11, Acts 41st Leg., 1st Called Sess., p. 32 (Vernon's Ann. Civ. St. arts. 5013 to 5023).

Appellants present their appeal, seeking reversal of the judgment and rendition in Mrs. Garner's favor upon the theory that such Lloyds America organizations are simply partnerships, in such connection invoking the ruling in Purdom v. Boyd, 82 Tex. 130, 17 S. W. 606, that a married woman cannot become a partner in a mercantile business; that, if she so invests her separate property, she incurs no liability as a partner, but is regarded as a creditor of the concern to the extent of her investment therein.

It is believed, however, this case is controlled by Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518, which holds that a married woman, who voluntarily pays her money or parts with her title to personal property upon a contract made by her, or in any way that would bind a man, cannot recover it back simply upon the ground that she is a married woman. In the course of the opinion in that case Associate Justice Brown said: "It would be a novel case for a plaintiff to allege that the defendant had done no wrong in the transaction, but that, because she was not bound to carry out her agreement, she was entitled to relief against her own deliberate act, which was lawful in itself, or, if unlawful, would not put the defendant in the wrong."

█ Organizations formed and writing insurance upon the Lloyds plan under the statutory provisions above cited are not partner-

ships as that relationship is commonly understood, but their legal status is more in the nature of corporate entities. We think they should properly be regarded as insurance corporations. In re Lloyds of Texas (D. C.) 43 F.(2d) 383.

█ Mrs. Garner became a shareholder in the present Lloyds organization, and under the ruling in Pitts v. Elsler she cannot, upon the ground of her coverture alone, recover back the value of the personal property which she voluntarily gave for her interest in the organization.

Affirmed.